Ruffin, C. J.
 

 We deem it a superfluous enquiry whether the appointment of Hines to the office of Constable was valid or not, because we think the judgments and orders of the
 
 *358
 
 County Court, upon which the executions were issued and the land was sold, preclude a collateral enquiry into the regularity of the previous proceedings.
 

 The Act of Assembly, Rev. Stat. c. 45, s.
 
 8,
 
 confers the jurisdiction on the County Court, when a justice’s execution is returned, levied on land, to enter a judgment there for the debt recovered and costs, on the application of the plaintiff. There the act, s. 19, provides, that when an officer shall levy such an execution on land, he shall serve the defendant with notice in writing at least five days before the term, to which the execution is to be returned, of the levy and of the term to which it will be returued, and thereupon the Court shall make an order of sale. If it shall not appear, that such notice has been given, then the Court is to order a notice to issue to the defendant and shall not proceed to make any order of sale until notice be served on the defendant five days before Court. These provisions shew, that the proceedings in the County Court upon the return of a levy on land, which consist in rendering a judgment there for the debt, and awarding execution thereof against the land levied on, or against the person, or property generally, of the debtor, at the election of the creditor, is a judicial proceeding, and therefore, conclusive until reversed. Rev. St. c. 31, s. 108.
 
 Jones
 
 v
 
 Judkins,
 
 4 Dev. &. Bat. 454. The rendering of the judgment imports that the requisite notice has been duly given ; since the Court is forbidden to enter judgment until notice is served. There must therefore have been evidence to the Court, that there had been notice; and the decision upon that evidence is conclusive, while it stands. We have held, indeed, that when it appears, that the notice had not, and could not have been given, and the want of it was not waived by the party, an order of sale would be void.
 
 Borden
 
 v
 
 Smith, 3
 
 Dev. & Bat. 35. That is the necessary result of
 
 the
 
 principle laid down in
 
 Armstrong
 
 v
 
 Harshan,
 
 1 Dev. 187.
 
 Irbey
 
 v
 
 Wilson,
 
 1 Dev. & Bat. Eq. 568, and
 
 Skinner
 
 v Moore, 2 Dev. & Bat. 138, which is, that a judgment against one, not a party, to the
 
 *359
 
 suit, is void, and that it can appear that he is a party, only when the record states an appearance or the official service of process on the person or his property. Here the record does not state the appearance of the debtor, but it states the levy of the
 
 fieri facias
 
 on his land and notice to him personally, being both service of process on the property and on the party. That such service was actually made cannot be collaterally questioned; not more than the appearance of the party, if the record had set forth his appearance. Those are statements of matters of fact occurring in the progress of the cause, of which the Court, in which the case was pending, must be deemed competent, and necessarily, exclusive judges, and therefore such statements of fact are conclusive, and no averment can be made to the contrary,
 
 Skinner
 
 v Moore, 2 Dev. & Bat. 152. It is not open to one collaterally to allege, that the service was not, in fact, in due time, as set forth in the record, nor that it was not by a proper and lawful officer, as it purports to have been. II an action were brought on this judgment of the County Court, the plea to it would be
 
 nultiel record,
 
 and not that the process was not served, or that the person who served it was not a constable or a sheriff.- Much more must such averments be excluded, when the question is on the validity of what was done under the judgment, that is to say, the sale of property under an execution issued on it.
 
 White
 
 v
 
 Albertson,
 
 3 Dev. 241. Our opinion therefore is, that, in this action of ejectment, the official character of Hines, who served the warrant, levied the execution and gave the notice, could. not be disputed.
 

 But if that were otherwise, we think the judgment should be affirmed for the reason given by his Honor, namely, that Hines, whether regularly appointed or not, was aeting in the office of constable at the time and had been for about six months before; and therefore that his acts-in office were valid. It is a settled principle, that the act of officers
 
 de fado
 
 are as effectual, as far as the rights of third persons or the public are concerned, as if they were officers
 
 de jure.
 
 The
 
 *360
 
 business of life could not
 
 go
 
 on, if it were not so, 16 Vin. Abr.
 
 Fowler
 
 v
 
 Bebee,
 
 9 Mass. 231, there was a plea, that the commission had illegally issued to the sheriff gerve(j and that he was not
 
 de jure
 
 sheriff. Such in law was the truth, for in 10 Mass. R. 290, upon an information the appointment was held illegal and vacated. Yet upon demurrer to the plea in the actiop mentioned, tide plea was held bad. Chief JusTrcE PíükRSONS said, that Smith, the sheriff, was no party to that record and could not be heard: although the judgment would as effectually decide on his title as if he were a party ; which would be contrary to natural equity and the policy of the law. From considerations like those, as he considered, had arisen the distinction between holding an office
 
 dejure
 
 and
 
 defacto,
 
 andas he was a sheriff in fact, the service by him was deemed good in that action. That decision is directly in point here, and we think rests upon a sound foundation of reason and authority. One not duly appointed to office, must yield it and the fees received by him to the person lawfully entitled, and in actions betweeen them, in which both sides ,could be heard, the Court would determine the right, and also the the legality of the appointment would be enquired into upon a
 
 quo warranto.
 
 But except in proceedings in which the question is thus directly presented,
 
 “
 
 in the case of all peace officers, justices of the peace, constables, &c., it is sufficient,” said Mr. Justtice Buller, in
 
 Berryman
 
 v
 
 Wise,
 
 4 T. R. 366,
 
 “
 
 to prove that they acted in these characters, without producing their appointments, and that even in the case of murder.” And such is every day our experience of the course of proceeding. When a warrant, judgment or an execution granted by a justice of the peace, is used upon a trial, there is not a thought of proving him in office by his commission and taking
 
 the oaths, but only
 
 that he is an acting ' magistrate and that he gave the precepts, or that they are in his hand writing. It is the same as to the return of a sheriff or constable. The crown case alluded to by Judge Buller is that of
 
 Thomas Gordan,
 
 decided by all the
 
 *361
 
 Judges of England and stated by Mr. East, P. C. 315, from tbe manuscript of Judge Bulles, himself. The persons were indicted for the murder of George Linnell, constable of Pettishall, in the execution of his office, in attempting to arrest the person in his own house, by virtue of a warrant obtained against him from a Justice of the Peace, at the instance of one Pratt, for an assault, which warrant had been directed to
 
 the constable of Pettishall
 
 and delivered to the deceased to execute as constable of the parish, it appearing that the deceased, at the time he went to the person’s house in the day time to execute the- warrant, had his constable’s staff with him and gave notice of his business ; and further, that he had before acted as constable of the parish, and was generally known as such. At a conference of all the Judges, they were of opinion, that was sufficient evidence and notification “ of the deceased’s being constable, although there was no proof of his appointment, or of his having been sworn into office.” And Mr. East, p. 212, after saying, that a party taking upon himself to execute process must be a
 
 legal
 
 officer for that purpose and give due notification of his business, else the killing him by one he arrests will be only manslaughter, and his killing the other party purposely for not submitting to his arrest will be murder, proceeds to say, that if he be a
 
 hnown
 
 officer
 
 de facto,
 
 acting within his district, it is sufficient, without proving his appointment or swearing in. This doctrine has also been frequently laid down by other courts in this country.
 
 The People
 
 v
 
 Collins, 7
 
 John. R. 549.
 
 Reed
 
 v
 
 Gillet,
 
 12 John R. 366. What shall constitute an officer
 
 defaelo
 
 may admit of doubt in different cases. The mere assumption of the office by performing one or even several acts apppropriate to it, without any recognition of the person as officer by the appointing power, may not be sufficient to constitute him an officer
 
 de fad o.
 
 There must, at least, be some colourable election and induction into office
 
 ah origine,
 
 or so long an exercise of the office and acquiescence therein of the public authorities,. as to afford to the individual citizen a presumption strong,
 
 *362
 
 that the party was duly appointed, and therefore, that every person might compel him, for the legal fees, to do his business, and for the same reason, was
 
 bound to submit to bis
 
 auikorj£y. as the officer of the country. Á public office is to be supposed necessary for the public service and for the convenience of all the various members of the community; and, therefore, that it will be duly filled by the public authority. When one is found actually in office and openly and notoriously exercising its functions in a limited district, so that it must
 
 be known to
 
 those, whose official duty it is tp see that the office is legally filled and also that it is not illegally usurped; and when this goes on for a great length of time, or for a period which covers much of the time for which the office may be lawfully conferred; it would be entrapping the citizen and betraying his interests, if, when he had applied to the officer
 
 de facto
 
 to do his business, and got it done, as he supposed, by the only person, who could do it, he could yet be told, that all that was done was void, because the public had not duly appointed that person to the office, which the public allowed him to exercise. Here Hines was appointed in November, 1842, by the County Court and by the requisite number of magistrates, for one year thereafter ; which must be deemed a colourable title to the office. He entered upon the duties, and performed them as the known constable of his district, up to the period of serving the execution in this case, which was1 the 25th of April, 1843. We think, clearly, that, in reference to the parties in that case, both the plaintiff and defendant, he is to be con-elusively deemed a constable.
 

 It was supposed in the argument at the bar, that this position is opposed by the previous decisions of this Court in the case of
 
 State v Shirley,
 
 1 Ired. 597,
 
 and State v Wall,
 
 2 Ired. 267, and particularly,
 
 State
 
 v
 
 Briggs,
 
 3 Ired. 357. But, as was observed in
 
 Wall’s case,
 
 the question, in the two former cases, did not all concern the validity of acts done by officers
 
 de facto,
 
 or their responsibility ffor usurping the offices; but
 
 ihe
 
 question was merely, whether the bonds payable to the
 
 *363
 
 State were valid, when delivered to persons not authorized by the Statute to receive them in the particular cases, in which those bonds had been accepted. In
 
 Briggs’
 
 case it did not appear, that Smith was a known officer or that he had acted a day, or that the transaction, out of which the indictment grew, was not his first essay in office; and the case was presented to this Court, and seemed to have been tried in the Superior Court, upon the title to his office solely; as to which there could be no doubt. It is true, the presiding Judge said, that the defendant could not be protected by the objection on the trial, that Smith was not a constable, because he did not make that objection, when he resisted his authority.
 

 But we thought that made no difference, because the defendant’s justification depended upon the existence or want of authority in Smith, and not upon the defendant’s opinion on that point. Now his authority might be shewn either by direct evidence of a legal appointment, in which he failéd ; or by evidence, that he acted and was generally known as an officer, and that he gave notice of his official character to the dafendant, in which also he failed. There was no previous exercise of any power of the office stated, not even an admission into office by the County Court. An insufficient appointment only appeared, without any admission ; for there was no evidence that the party was sworn ill. Tii that state of the case he could not for any purpose be held to be an officer
 
 dejure
 
 or
 
 defacto,
 
 unless as against himself as to such acts as he might undertake to do, as an officer. He had not been recognized by the public as an acting officer, neither by the appointing and admitting power, nor by those who had the power, and with whom was the duty, on behalf of the public, of depriving him of the office, if improperly assumed by him. It was therefore, a naked question, whether the appointment by the County Court was in itself valid, under the circumstances in which it was made; and the present case is, for that reason, distinguishable from it. Upon the general principle before, stated, the Coitrt is of opinion, that the judgment ought to be affirmed.
 

 Per CuniAM, Judgment affirmed,