L. J. C. PICKLER and C. W. STEWART v. COUNTY BOARD OF EDUCATION.

(Filed 19 November, 1908).

1. **Municipal Corporations—School Boards—Discretion—School Districts.**

   In the absence of misconduct, or of violation of some provision of statute, the action of a school board in dividing townships into school districts and in the erection and maintenance of school buildings, cannot be supervised or restrained by the courts. Revisal, secs. 4116, 4121, 4124.

2. **Municipal Corporations—School Districts—Discretion—Rebuilding School-house—Proximity to Another School.**

   When a school board, acting according to its judgment, without misconduct on its part, or in violation of some provision of statute, rebuilds a school-house on an old site, though in less than three miles of some school already established, it is not a violation of Revisal, 4129, providing that no new school shall be established within that distance of another.

3. **Injunction—Appeal—Abstract Question.**

   When pending an appeal from a judgment dissolving a restraining order the act sought to be restrained is accomplished, the Court will dismiss the appeal.

ACTION from DAVIE, heard by *Long, J.,* 18 June, 1908, at Statesville, upon return to restraining order, issued by *Moore, J.* Plaintiffs appealed.

*Burton Craige* and *Jacob Stewart* for plaintiffs.
*E. L. Gaither* and *T. B. Bailey* for defendants.

CLARK, C. J.   Rev., sec. 4129, provides that the County Board of Education, upon whom is placed the duty of divid-ing the townships into school districts, "shall establish no new school in any township within less than three miles, by the nearest traveled route, of some school already established in said township."

The public school district of "Cherry Hill," Davie County, was laid off, site bought and building erected 50 or 60 years ago. It is now nearer than three miles to another public school.   The building needing repairs, an effort was made to induce the defendant Board to remove the site and build a new school house at another point a mile away.   After hearing those in favor of and those opposed to the removal, the Board decided not to change the site, and instead of repair-ing, to build a new school building on the old site.   The plain-tiffs obtained a temporary restraining order which, on affida-vits filed, and, after hearing, was dissolved by Judge Long.

There was no error.   The duty of dividing the townships into school districts and the erection and maintenance of school buildings is left to the judgment of the School Board. Rev., secs. 4116, 4121, 4124.   There being no allegation of misconduct, their action can not be supervised nor restrained by the courts unless in violation of some provision of the statutes.   *Smith v. School Trustees,* 141 N. C., 160.   It does not appear whether the other school house, "nearer than three miles," was erected before, or since, this was erected at Cherry Hill 50 or 60 years ago.   But, at any rate, the pro-hibition that the Board "shall establish *no new school* in any township within less than three miles, by the nearest traveled route, of some school already established in said township," cannot be construed to prohibit the Board from repairing, or building a new school house, on the site where a school has long been established.

Pending the appeal the new school house has doubtless been built. If that appeared, we would not decide an abstract question. In any event the judgment dissolving the restraining order should be

Affirmed.