THOMAS R. PEMBERTON ET AL. v. COUNTY BOARD OF EDUCATION OF
GUILFORD COUNTY.

(Filed 22 November, 1916.)

**Education—School Districts—Schools Within Three Miles—Old Sites—Commissioners' Discretion—Courts—Statutes.**

> Revisal, sec. 4129, requiring the county board of education to divide the
> townships into convenient school districts, as compact in form as practicable, having regard for the convenience and necessities of each race,
> no new school to be established in any township within less than 3 miles
> by the nearest route of some other school already established, does not
> apply to the rebuilding of schoolhouses on old sites erected before the
> passage of the act, or interfere with the sound discretion of the commissioners in that respect, and in this case the exercise of this discretion in
> rebuilding a school a half mile from the old site, and within three miles
> of the primary department of another school more recently established,
> will not be interfered with.

WALKER and ALLEN, JJ., dissenting without written opinion; CLARK, C. J.,
concurring.

CIVIL ACTION pending in the Superior Court of GUILFORD County,
and heard by *Webb, J.*, upon a motion to dissolve a restraining order,
22 April, 1916. The court dissolved the restraining order and taxed
the plaintiffs with the cost, from which order they appealed to the
Supreme Court.

*William P. Bynum and R. C. Strudwick for plaintiffs.*
*Brooks, Sapp & Williams, John N. Wilson for defendants.*

BROWN, J. The judge below did not find the facts, but they appear
in the pleadings and affidavits, and are practically uncontroverted.
Over fourteen years ago the board of education of Guilford County
established the South Buffalo School District in Gilmer Township,
Guilford County, and a school building was erected thereon. Thereafter another school district contiguous to this was established in the
same township, called Bessemer. In the year 1911 the county board
of education established a branch of the Bessemer School and erected
a building for it as a primary school for small children. This primary
school was a part of the Bessemer School. This primary school building is within 3 miles by the nearest traveled route of the site of the
school building built some years ago in South Buffalo School District,
and is also within 3 miles by the nearest traveled route of the location
selected by the board for the erection of the new school building on the
Gillespie site to take the place of the old one, but neither of these sites

is within 3 miles of the main school building of Bessemer School District. The old schoolhouse of the South Buffalo District building of fourteen years ago was insufficient, and a new building became necessary. To erect this, the voters of the South Buffalo District authorized a bond issue of $10,000. The defendant, the county board of education, received application for the removal of the site and heard witnesses upon that subject. After careful examination the board decided to cause the new school building for the Buffalo District to be erected on the other side of Buffalo Creek on the Gillespie site, which, according to the statement in the plaintiff's brief, is only one-half mile nearer Sunnyside School, which is the primary school referred to, than the old site of the South Buffalo School.

It is admitted that the old schoolhouse stood within 3 miles of the Sunnyside School and that the proposed new school building will be erected on the site about one-half mile from the old site. The plaintiffs base their right of action upon the following statute, Revisal, 4129: "The county board of education shall divide the townships into convenient school districts as compact in form as practicable. It shall consult the convenience and necessities of each race, in setting the boundaries of the school district for each race, *and shall establish no new school in any township within less than 3 miles by the nearest traveled route of some school already established in the said township."* That statute was enacted in 1905 and the old Buffalo schoolhouse had then been in existence three years.

We are of opinion that his Honor properly dissolved the restraining order. The Buffalo schoolhouse was erected and the school established before the passage of the act, and it is, according to all the evidence, within 3 miles of the Sunnyside Primary Department of the Bessemer School. We find nothing in this statute which, in our opinion, makes it unlawful for the county school authorities in the exercise of sound discretion to remove the school building one-half mile from the old site. The overwhelming weight of evidence, as embodied in the affidavits, is that it is greatly to the interest of the school district that the new building should be located upon the Gillespie site, which is on the north side of the creek.

Forty-five affiants testify that South Buffalo Creek runs through the district and is crossed by a bridge; that on the north side of the creek where the school building is proposed to be erected there are 162 children of school age. These affiants state that in their opinion it is to the best interests of the school children of the district that the new building should be erected on the Gillespie site. This is a matter, we think, under these circumstances, that should be left to the sound discretion of the school authorities. It has been held that in the

absence of misconduct or of violation of some provision of statute the action of the school authorities in dividing townships into school districts and in erection and maintenance of school buildings, cannot be supervised or restrained by the courts. *Pickler v. Board of Education,* 149 N. C., 221.

In this case it was specifically held that "When a school board, acting according to its judgment, without misconduct on its part, or any violation of some provision of statute, rebuilds a schoolhouse on the old site, though in less than 3 miles of some school already established, it is not a violation of Revisal, 4129, providing that no new school shall be established within that distance of another."

We find nothing in the statute which prohibits the erection of the new schoolhouse for South Buffalo District on the Gillespie site.

Affirmed.

WALKER and ALLEN, JJ., dissent.

CLARK, C. J., concurring: Revisal, 4129, provides that the county board of education in dividing the townships into school districts "shall establish no new school in any township within less than 3 miles of the nearest traveled route of some school already established in said township." This statute undertakes to prescribe a limitation upon the county board of education in laying out new school *districts.* This provision was not intended to interfere with their judgment as to the location of a schoolhouse, without misconduct on their part. It was not intended that the opinion of a Superior Court judge should overrule that of the county board of education in that respect. The purpose is to restrict the creation of new districts by providing that in laying out a new district the children therein should not be nearer than 3 miles from some existing school. The provision applies to the creation of new districts and not to the location, or change of location, of a schoolhouse, which is properly a matter resting in the sound judgment of the local authorities, except, as above said, when there is shown to be some misconduct requiring judicial correction. *Pickler v. Board of Education,* 149 N. C., 221.