J. P. CLARK ET AL. v. JOHN R. McQUEEN ET AL.

(Filed 6 June, 1928.)

1. **Schools and School Districts—Discontinuance, Changing, or Consolidating Schools—Powers of Board of Education—Statutes.**

    Our statutes, 3 C. S., 5428, 5437, vests in the sound discretion of the board of education of a county the right to transfer an existing school in one district to an adjoining district for the advantage of the residents of the county, and with the fair exercise of this discretion, or in the absence of manifest abuse, the courts will not interfere, or give injunctive relief.

2. **Same—Supplementary Order for Pay of Teachers Within Discretion of Trial Court.**

    Where an appeal has been taken from a judgment of the Superior Court judge, vacating a restraining order upon the county board of education from transferring a public school from one district to another, a supplementary order providing for the payment of the teachers pending the appeal is within the sound discretion of the trial judge, and not reviewable. 3 C. S., 858(a).

APPEAL from order of *Oglesby, J.,* dated 14 October, 1927. Affirmed.

Action for judgment perpetually enjoining and restraining defendants, board of education, and superintendent of public schools of Moore County, from discontinuing a high school in Jackson Springs School District, and transferring same to West End School District, in said county, and for other relief, heard upon an order to show cause why plaintiffs are not entitled to the relief demanded.

From judgment vacating and dissolving a temporary restraining order, plaintiffs appealed to the Supreme Court.

*Varser, Lawrence, Proctor & McIntyre for plaintiffs.*
*U. L. Spence and Hoyle & Hoyle for defendants.*

CONNOR, J. Prior to 25 February, 1927, a school, in which both elementary and high school instruction was available for all the children residing therein, was maintained by defendant, the board of education of Moore County, in Jackson Springs School District of said county. 3 C. S., 5428 and 3 C. S., 5437. The said school was maintained by funds allotted and appropriated to said district, out of the school fund of said county, by said defendant, and also, in part, by special taxes levied and collected in said district, as authorized by special elections duly held therein, in order to supplement the school fund of said district.

On 25 February, 1927, the defendant, the board of education of Moore County, after a hearing pursuant to notice to the school committee of said district, ordered that said high school be transferred from said district to the West End School District, in said county. Subsequently, other orders were made by said defendant for the purpose of discontinuing said high school in said district, of effecting said transfer, and of establishing and maintaining a high school in West End School District, which adjoins the Jackson Springs School District.

Plaintiffs, the school committee of Jackson Springs School District, and certain taxpayers residing therein, have brought this action to recover judgment that defendants, the board of education and the superintendent of the public schools of Moore County, be enjoined and restrained perpetually from discontinuing said high school in said district, and from transferring same to West End School District, in accordance with the orders made by defendant, the board of education of Moore County. They have appealed to this Court from an order vacating and dissolving a temporary restraining order entered herein, in which defendants were ordered to show cause why plaintiffs are not entitled to the relief demanded.

Upon the hearing, the court was of opinion, and so adjudged, that "The board of education of Moore County has the legal discretion and

power to fix the location of all high schools in said county, and that the action of said board in fixing the teaching of a high school at West End, in West End School District, said county, for the year 1927-28, and in discontinuing the high school at Jackson Springs, in Jackson Springs School District, for said year, is in all respects legal and binding upon the parties to this action." It was thereupon ordered, considered and adjudged "that the restraining order and injunction heretofore granted in this cause be and the same is in all respects vacated and dissolved." Plaintiffs excepted to this order, and upon their appeal to this Court assign same as error.

The only question presented by this appeal is whether the board of education of a county, in this State, has the power, in the exercise of its discretion, to discontinue a high school, theretofore established by said board, in a school district of its county, and to transfer said high school to an adjoining district in said county.

A county board of education is required by statute to divide the county into districts, and to so locate schools therein that both elementary and high school instruction may be available for all the children of the county. 3 C. S., 5428. It is the duty of the county board of education, on recommendation of the county superintendent, to locate high schools in the county or to arrange for high school instruction in special charter districts so as to provide good high school instruction for all the children. 3 C. S., 5436 and 3 C. S., 5437. In the absence of statutory limitations upon the power to perform this duty, discretion is vested in said boards to locate, discontinue, transfer and establish high schools in the districts of their several counties. In the absence of abuse, this discretion cannot be set aside or controlled by the courts. The principle stated and applied in deciding the question presented by the appeal in *Newton v. School Committee,* 158 N. C., 187 is well settled. In the opinion by *Hoke, J.,* in that case, it is said: "In numerous and repeated decisions the principle has been announced and sustained that courts may not interfere with discretionary powers conferred on local administrative boards for the public welfare, unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion," citing many cases. This principle has been frequently approved in decisions by this Court. It is applicable to the question here presented. Plaintiffs' assignments of error cannot be sustained.

After the order vacating and dissolving the temporary restraining order was signed, and plaintiffs had excepted and given notice of appeal, the court, upon motion of plaintiffs, made a supplementary order, by which the superintendent of public schools of Moore County was ordered to approve vouchers for payment of teachers in the Jackson Springs

high school, as a charge against the special tax school fund of said district, until the final disposition of plaintiffs' appeal in this Court. Defendants excepted to this order and appealed therefrom to this Court. Under the statute, the signing of this order was within the discretion of the court. 3 C. S., 858(a). We find no error on defendants' appeal.

On plaintiffs' appeal, the judgment is

Affirmed.