This is an action to restrain the board of education of Durham County from purchasing a site and erecting a school building at the intersection of the Fish Dam and Hillandale roads, to declare void the selection of the site, and to restrain the treasurer from paying out any money for the purchase of the site.
The trial judge found the facts to be as follows:
1. That the plaintiffs are residents and taxpayers of Durham County, N.C., and that some of the plaintiffs are residents and taxpayers in what is known as Hillandale Special School Tax District and that some of the plaintiffs are residents and taxpayers in what is known as West Durham Special School Tax District.
2. That the defendant, the county board of education of Durham County, is a body corporate under the laws of the State of North Carolina; that J. D. Hamlin, H.L. Umstead, W. I. Cranford, H.G. Hedrick and J. B. Mason were appointed members of the county board of education of Durham County by chapter 180, Public Laws of North Carolina, 1929. That said persons so nominated as members of said county board of education of Durham County did not qualify by taking the oath of office on or before the first Monday of April, 1929, but that all of said persons so named did take the oath of office on Tuesday following the first Monday in April, 1929. That the said persons so named discharged the duties imposed upon the members of the county board of education of Durham County until the death of J. D. Hamlin on or about 30 December, 1929; and that subsequent thereto the said H.L. Umstead, W. I. Cranford, H.G. Hedrick and J. B. Mason elected T. O. Sorrell as a successor to the said J. D. Hamlin; and that T. O. Sorrell and the other persons appointed as members of the said county board of education of Durham County by the Public Laws of 1929 have continued to discharge the duties imposed upon members of the county board of education of Durham County to the date of this hearing.
3. That the county-wide plan of organization adopted by the board of education of Durham County in 1923 in compliance with section 73-a, chapter 136 of the Public Laws of North Carolina for 1923, provided for a school building to be built in the West Durham School District at or near the underpass on State Highway No. 10 to provide a school for the children in the West Durham School District, Hillandale School District, Chambley School District and White's Cross Roads School District and that said school building has never been built. *Page 647 
4. That the county-wide plan of organization was amended by the board on 22 April, 1927, in part, as follows:
"All of the Hillandale School District, all of the Chambley School District, and that part of the Bragtown School District not lying within the Durham Charter District, all that part of the West Durham School District not lying within the limits of the Charter District of Durham or within the limits of the New Hope District, all of Glenn School District (including the former Elm Grove and Hebron School districts) not lying within the Carr-Oak Grove School District, all that part of Redwood School District not lying within the Carr-Oak Grove School District, all that part of White's Cross Roads School District not lying within New Hope School District." And that at said time there were 900 children in said district, and to provide schools for said children and give them proper school accommodations, schools were maintained and operated at Bragtown, Glenn and Hillandale.
5. That the Hillandale School District is a local tax district in Durham County and there is situated in said district a school building and an elementary school is maintained in said district and is attended by children from the Hillandale School District. That the West Durham School District is a local tax district in Durham County and has no school building located in said district as the children in said district now attend Bragtown schools. That what is now known as West Durham School District was formerly Chambley School District. That the Chambley School District was a local tax district, but several years prior to the extension of the corporate limits of the city of Durham said Chambley School District voted into said West Durham School District.
6. That in 1925 the corporate limits of the city of Durham were so extended as to take in the school building in said West Durham Special School Tax District, but left a large part of said West Durham Special School Tax District outside of the corporate limits of the said city of Durham. That since the corporate limits of the city of Durham were extended there has been no school building in said West Durham School Tax District, but that the children in said district have been attending Bragtown schools in accordance with the county-wide plan of organization as amended 22 April, 1927.
7. That the pleadings and evidence in this action do not show that the county-wide plan of organization, in so far as it pertains to the children in Hillandale and West Durham School Tax districts has been amended or changed since 22 April, 1927.
8. That on 4 March, 1929, the county board of education of Durham County by a vote of 3 to 2 voted to erect a new school building in the Hillandale Special School Tax District at the site of the present school building in said district. Said building was to provide school facilities *Page 648 
for the elementary pupils in the Hillandale and West Durham Special School Tax districts. That the said Hillandale site as selected by the board on 4 March, 1929, is located on the Cole Mill Road; an all-weather road, and that the county now owns 2 1/2 acres of land at said site and can obtain 5 additional acres free of charge for said school site. That the city water mains run through the said site. That pure and wholesome water can be obtained by making proper connections with said mains. That an electric power line has already been constructed to said site. That the said site is about 1.4 miles from highway No. 10, about 2.2 miles from the Orange County line, about 3 miles from Bragtown School District line, about 4.4 miles from the Bragtown high school and elementary school, and about 7.4 miles from the Hope Valley School on the south.
9. That on 18 April, 1930, the said board of education of Durham County voted to reconsider and reopen the question of the location of said school building. That on 15 May, 1930, the said board by a vote of 3 to 1 voted to locate said school building in the West Durham Special School Tax District at the intersection of the Fish Dam and Hillandale roads. That at said meeting the following members were present: J. B. Mason, H.L. Umstead, T. O. Sorrell and H.G. Hedrick; that W. I. Cranford, chairman of the said board, was absent, and that J. B. Mason acted as chairman. That H.L. Umstead, T. O. Sorrell and J. B. Mason voted to locate said school at the site above named and that H.G. Hedrick voted against locating the building at said site. That W. I. Cranford, who was absent at said meeting, had previously, to wit, 4 March, 1929, voted to locate said building on the old Hillandale site.
10. That the site at the intersection of the Fish Dam and Hillandale roads is on a dirt or clay road and is only 2.8 miles from the Bragtown high school and elementary school, and is only 1.4 miles from the Bragtown School District line, and is about 3.8 miles from the Orange County line and about 9 miles from the Hope Valley school on the south. That the land for said site is not owned by the board of education, but that the said board has an option on 6 acres for said site at a cost of $1,800, and that plans and specifications have been prepared for said building. That in order to provide pure and wholesome water for said school from city water supply it will be necessary to lay a water main approximately one mile. That in order to provide electric lights for said building from Durham Public Service Company it will be necessary to build a power line approximately one-third of a mile.
11. That the county board of education has made no order consolidating the Hillandale Special School Tax District and the West Durham Special School Tax District. That said districts are both local tax districts with a different rate of tax. That there is a school building in the *Page 649 
Hillandale Special School Tax District. That there is no school building in the West Durham Special School Tax District, and there has been no school building in said district since a portion of said district was taken into the corporate limits of the city of Durham, but that the children in said West Durham Special School Tax District have been attending Bragtown school.
12. The court further finds that on 6 August, 1928, the county board of education of Durham County certified to the county commissioners of Durham County a resolution passed by the said county board of education of Durham County, stating that it was necessary in order to maintain the constitutional six months school term, to erect a school building in said West Durham Special School Tax District, and that pursuant to said resolution so adopted by said board of education and certified to said board of county commissioners of Durham County, a resolution was adopted by said board of commissioners of Durham County directing that bonds of Durham County be issued pursuant to the County Finance Act, and that $25,000 of the proceeds arising from said sale of said bonds be set aside for the erection and construction of a new school building in said West Durham Special School Tax District. That said bonds have been sold and that there is now available for the purpose of erecting and constructing said new school building in said West Durham Special School Tax District the sum of $25,000, which said amount was derived from the sale of bonds so sold by the board of commissioners of Durham County.
13. The court further finds that the county board of education of Durham County was acting under authority of law on 15 May, 1930, at which time it voted to locate said school in the West Durham Special School Tax District at the intersection of Fish Dam and Hillandale roads. That the members of said county board of education were acting in good faith and did not abuse their discretion in voting to locate said school building at the point herein indicated.
Upon the foregoing facts the restraining order was dissolved and the plaintiffs excepted and appealed.
The board of education of Durham County consists of five members, all of whom were appointed by the General Assembly at the session of 1929. C. S., 5410; Public Laws 1929, ch. 180. They took the oath of office, not on the first Monday of April, 1929, but on Tuesday, the day following. It is provided by statute that persons elected members of the county board of education by the General Assembly must qualify by taking the oath of office on or before the first Monday in April next *Page 650 
succeeding their election, and that a failure to qualify within this time shall constitute a vacancy. C. S., 5414. For this reason it is contended by the plaintiffs that the acts and resolutions of the county board are illegal and of no effect.
The county board is a body politic incorporated under the name of "The Board of Education of Durham County," and in this capacity and by this title it is authorized to purchase, hold, and dispose of school property belonging to the county, to build schoolhouses, and to prosecute and defend suits for or against the corporation. C. S., 5419. The failure of the members of the board to qualify on the first Monday in April did not destroy or impair the existence of the corporate body. Moreover, until the death of one of their number the appointees discharged the duties imposed upon them; and since the appointment of T. O. Sorrell to fill the vacancy, he and the other members have regularly discharged the duties of the board. The State Board of Education has not declared a vacancy and no proceeding in the nature of quo warranto has been instituted to determine the question in controversy. The acts of the appointees, de jure or de facto, cannot be annulled by the present proceeding. Burke v. Elliott, 26 N.C. 355;Gilliam v. Reddick, ibid., 368; S. v. Graham, 194 N.C. 459.
We have discovered nothing in the facts as found by the trial judge, or in the record, to justify the conclusion that the county-wide plan of organization has been disregarded by the defendants to the prejudice of the plaintiffs, or that the county board has abused the discretion vested in it by the law.
The Hillandale and the West Durham districts are special tax districts, having different rates of tax. The Hillandale District has a school building and an elementary school. An extension of the corporate limits of the city of Durham took in the school building in the West Durham District and left a part of the district outside the corporate limits without a building; but the sum of $25,000 is now available for the erection of a building in this district.
In these circumstances the action of the county board of education is within the exercise of discretionary powers which the courts will not undertake to control unless so unreasonable as to amount to an oppressive and manifest abuse of discretion. This principle has been maintained in a uniform line of decisions. Brodnax v. Groom, 64 N.C. 244; Newton v.School Committee, 158 N.C. 186; School Committee v. Board of Education,186 N.C. 643; McInnish v. Board of Education, 187 N.C. 494; Clark v.McQueen, 195 N.C. 714.
In this case we find no such abuse of discretion as would warrant an interference with the exercise of discretion by the defendant board.
Affirmed. *Page 651