E. N. MOORE, J. S. ALEXANDER, AND J. L. BLACKWELDER, ON BEHALF OF THEMSELVES AND OTHERS, v. BOARD OF EDUCATION OF IREDELL COUNTY.

(Filed 24 November, 1937.)

1. Schools § 14—

The county board of education has the discretionary power to select school sites in each legally established district, and such discretion, fairly exercised, is not subject to control by *mandamus*.

2. Schools § 6—Legislature retains control over agencies for the maintenance of the constitutional school term.

The duty to establish and maintain a uniform system of public schools rests exclusively upon the General Assembly, N. C. Constitution, Art. IX, and the Legislature retains control and supervision of agencies created by it for the local administration of this function, subject only to constitutional limitations.

3. Schools § 3—Legislature has power by general act to provide for redistricting territory of several counties for school purposes.

Sec. 4, ch. 562, Public Laws of 1933, as amended by sec. 5, ch. 455, Public Laws of 1935, abolishing all school districts, and providing for the

redistricting of the territory of the several counties for school purposes irrespective of the boundaries of such districts, is valid, and the act of the county board of education, under authority of the statute, in creating a new district by adding contiguous territory to an old district established by the county commissioners, may not be successfully attacked on the ground that the Act of 1933 is void in that the Constitution, Art. IX, sec. 3, imposes the duty of districting the county for school purposes on the board of county commissioners.

**4. Statutes §§ 2, 5c—**

Ch. 562, Public Laws of 1933, as amended by ch. 455, Public Laws of 1935, as shown by its language, is a general statute relating to all school districts of the State, and the provisions of Art. II, sec. 29, of the Constitution, prohibiting the passage of a special act relating to the boundaries of school districts, is not applicable.

**5. Mandamus § 2b—**

Where a county board of education has selected a school site within a duly constituted district, its exercise of this discretionary power is not subject to review or control by *mandamus*.

APPEAL by plaintiffs from *Pless, J.*, at March Term, 1937, of IREDELL.

Application for writ of *mandamus* to compel board of education of Iredell to construct school building within the boundaries of Oak Ridge-Linwood School District as established by the board of county commissioners of said county.

Plaintiffs, who are citizens and residents of Iredell and alleged "patrons of the school district" in question, filed complaint to which defendants filed answer. Thereupon plaintiffs and defendants agreed upon a statement of facts to be submitted to the court, substantially as follows: "That about the year 1906 the board of county commissioners of Iredell established" by definite boundaries a school district designated as Oak Ridge-Linwood School District, and that that board has not changed or altered said boundaries. That under ch. 562 of the Public Laws of 1933 the board of education in redistricting the county established a new school district, No. 8, which included all the territory within the Oak Ridge-Linwood School District and portions of the Mooresville and Coddle Creek School Districts, and certified same to the State School Commission on 11 August, 1933. That it became necessary to erect a new school building to provide educational facilities for the children residing in the territory comprising said District No. 8. That in 1935 the board of county commissioners of Iredell County, in coöperation with the Public Works Administration, provided the necessary moneys with which to erect the building. That the board of education, first contemplating location of the new building within the boundaries of the Oak Ridge-Linwood School District, later determined on a site outside that territory but within the boundaries of said District No. 8.

Upon the foregoing facts the court below was of opinion that the plaintiffs are not entitled to relief sought. From judgment in accordance therewith the plaintiffs appealed to the Supreme Court and assigned error.

*Lewis & Lewis and Burke & Burke for plaintiffs, appellants.*
*Hugh G. Mitchell for defendant, appellee.*

WINBORNE, J. This appeal presents one basic question: Did the General Assembly have constitutional authority to pass an act to abolish "all school districts, special tax, special charter, or otherwise" as then constituted, and to provide for redistricting the territory of the several counties for school purposes irrespective of the boundaries of such districts? Sec. 4, ch. 562, Public Laws 1933, as amended by sec. 5, ch. 455, of Public Laws 1935.

We answer in the affirmative.

It is not controverted that the board of education has the discretionary power to select sites for school buildings in school districts. It is not, therefore, contended that, if the new district in question be legally established, the discretion of the board of education fairly exercised in selecting the site therein may be controlled by *mandamus*.

Plaintiffs contend, however, that the duty of dividing the counties into convenient school districts is imposed upon the boards of county commissioners by the Constitution (Art. IX, sec. 3), and that, therefore, the Acts of 1933 and 1935 above referred to are unconstitutional in that respect. Plaintiffs further contend that it having been agreed as a fact that the district in question was established in 1906 by the board of county commissioners of Iredell County, and not having been changed or in any manner altered by that board, the district remains unaffected by the said acts.

A similar question as to the authority of board of county commissioners with respect to the establishment of a school district was raised in the case of *McCormac v. Comrs.*, 90 N. C., 441. At that time by *legislative* enactment the boards of county commissioners were constituted boards of education, charged with the general management of the public schools and vested with the power and duty to decide all controversies and questions relating to the boundaries of school districts, to the location of schoolhouses, and to the laying off and numbering of school districts in their respective counties. Secs. 2545, 2546, and 2549 of Code of 1883. In that case the Legislature had authorized the establishment of a graded school in two public school districts of Robeson County, subject to the will of the people to be ascertained in an election to be held. The board of commissioners undertook by order to include

additional territory within the district. Denying this authority to be in the board of county commissioners, and speaking to the question, the Court said: "That it is within the power and is the province of the Legislature to subdivide the territory of the State and invest the inhabitants of such subdivisions with corporate functions, more or less extensive and varied in their character, for the purposes of government, is too well settled to admit of any serious question. Indeed, it seems to be a fundamental feature of our system of free government that such a power is inherent in the legislative branch of the government, limited and regulated, as it may be, only by the organic law. The Constitution of the State was formed in view of this and like fundamental principles. They permeate its provisions, and all statutory enactments should be interpreted in the light of them when they apply.

"It is in the exercise of such power that the Legislature alone can create, directly or indirectly, counties, townships, school districts, road districts, and the like subdivisions, and invest them, and agencies in them, with powers corporate or otherwise in their nature, to effectuate the purposes of the government, whether these be local or general, or both. Such organizations are intended to be instrumentalities and agencies employed to aid in the administration of the government and are always under the control of the power that created them, unless the same shall be restricted by some constitutional limitation. Hence the Legislature may, from time to time, in its discretion, abolish them, enlarge or diminish their boundaries, or increase, modify, or abrogate their powers. . . .

"Whenever such agencies are created, whatever their purpose or the extent or character of their powers, they are the creatures of the legislative will and subject to its control, and such agencies can only exercise such powers as may be conferred upon them and in the way and manner prescribed by law . . ."

"Their (boards of county commissioners) powers as the county board of education are derived from public school laws. . . ."

The decisions of this Court through the years since have been uniform in holding that the mandate of Art. IX of the Constitution of North Carolina for the establishment and maintenance of a general and uniform system of public schools is upon and exclusively within the province of the General Assembly. Laws passed in obedience to such mandate have been repeatedly approved and upheld by the decisions of this Court. *Barksdale v. Comrs.,* 93 N. C., 472, at 484; *Smith v. Trustees,* 141 N. C., 143, at 152; *Trustees v. Webb,* 155 N. C., 379, at 384; *Woosley v. Comrs.,* 182 N. C., 429, at 432, 109 S. E., 368; *Lacy v. Bank,* 183 N. C., 373, 111 S. E., 612; *Sparkman v. Comrs.,* 187 N. C., 241, 121 S. E., 531; *Frazier v. Comrs.,* 194 N. C., 49, at 62, 138 S. E., 433.

The Act of 1933, sec. 4, also has been the subject of judicial interpretation by this Court. *Evans v. Mecklenburg County,* 205 N. C., 560, 172 S. E., 323; *Board of Education of McDowell County v. Burgin,* 206 N. C., 421, 174 S. E., 286.

In *Evans v. Mecklenburg County, supra,* speaking with reference to the provisions of ch. 562, Public Laws 1933, this Court said: "All the powers and duties conferred by the recent act and those previously conferred by law under the State Board of Equalization are now vested in the State School Commission. . . . This commission . . . shall classify each county as an administrative unit, and with the advice of the county board of education shall redistrict each county.

"These and other provisions of the Act of 1933 . . . including the clause which repeals all conflicting public, public-local and private laws, indicate a legislative intent to annul or to subordinate to the new law all statutes relating to the public schools which were in effect at the time of its enactment and to establish a uniform system under which all the public schools of the State shall be conducted."

Plaintiffs further contend that the school act in question is in conflict with that part of Art. II, sec. 29, of the Constitution, which reads as follows: "The General Assembly shall not pass any local, private or special act or resolution relating to . . . establishing or changing the lines of school districts. . . . Any local private or special act or resolution passed in violation of the provisions of this section shall be void." This contention is answered by the last sentence of said section of the Constitution which provides: "The General Assembly shall have power to pass general laws regulating matters set out in this section." The act in question relates to all school districts in the State. The purpose of the act as disclosed by its language shows it to be a general law. *Miller v. Roberts, ante,* 126; *Hancock v. R. R.,* 124 N. C., 222, 32 S. E., 769; *Webb v. Port Comm.,* 205 N. C., 663, 172 S. E., 377.

In our jurisdiction the principle is established that in the absence of gross abuse the courts will not undertake to direct or control the discretion conferred by law upon a public officer. *Newton v. School Comm.,* 158 N. C., 187, 73 S. E., 886; *Davenport v. Board of Education,* 183 N. C., 570, 112 S. E., 246; *School Comm. v. Board of Education,* 186 N. C., 643, 120 S. E., 202; *McInnish v. Board of Education,* 187 N. C., 494, 122 S. E., 182; *Board of Education v. Forrest,* 190 N. C., 753, 130 S. E., 621; *Clark v. McQueen,* 195 N. C., 714, 143 S. E., 528; *Crabtree v. Board of Education,* 199 N. C., 650, 155 S. E., 550.

In *McInnish v. Board of Education, supra,* speaking to the duties of county boards of education, the court said: "Among these is the duty of selecting sites and building schools, and the performance of this duty necessarily involves the exercise of discretion."

When an officer in the exercise of discretionary power has considered and determined what his course of action is to be, and has exercised his discretion, his action is not subject to review or control by *mandamus*. *Battle v. Rocky Mount,* 156 N. C., 329, 72 S. E., 354; *Dula v. School Trustees,* 177 N. C., 426, 99 S. E., 193; *Wilkinson v. Board of Education,* 199 N. C., 669, 155 S. E., 562.

The judgment of the court below is

Affirmed.