F. L. KREEGER, HUGH PFAFF, R. C. REED, C. R. WATTS, FRANK STRUPE, GILBERT DOUB, J. H. NANCE, C. H. SMITHERMAN, H. K. HENDRIX AND ALL OTHER TAXPAYERS AND CITIZENS SIMILARLY SITUATED IN OLD RICHMOND SCHOOL DISTRICT, v. DAN L. DRUMMOND, B. E. WILSON, E. C. GOODMAN, G. S. COLTRANE AND WILMA MATTHEWS, MEMBERS OF FORSYTH COUNTY BOARD OF EDUCATION, AND DR. RALPH BRIMLEY, FORSYTH COUNTY SUPERINTENDENT OF SCHOOLS, AND FORSYTH COUNTY BOARD OF EDUCATION, A CORPORATE BODY.

(Filed 1 February, 1952.)

1. Schools § 3a—

A county board of education has the discretionary power, with the approval of the State Board of Education, to close a high school in a union school and transfer the high school pupils to other high schools in adjoining districts provided there is a consolidation of the districts involved and a finding as to the adequacy of the school facilities in the consolidated district or districts. G.S. 115-99.

2. Same—

The courts will not interfere with the action of the school authorities in creating or consolidating school districts unless the authorities act contrary to law or there is a manifest abuse of discretion on their part.

3. Same—

A county board of education has discretionary power to close a high school in a union school and thus change the district from a union or high school district to an elementary school district.

4. Schools § 5b—

The requirement that one or more public schools be maintained in each school district for at least six months in every year does not apply to high schools. Constitution of N. C., Art. IX, sec. 3.

5. Schools § 3a—

The power of the State Board of Education to transfer students from one district to another, G.S. 115-352, contemplates a transfer of students for a single year, or from year to year, and the statute has no application to a permanent transfer of high school students from a union school to

high schools in adjoining districts, which may be done by the county board of education with the approval of the State Board of Education by a consolidation of high school districts. The State Board of Education is not a necessary party in an action to determine the power of a county board to order such consolidation.

APPEAL by plaintiffs from *Pless, J.,* September Term, 1951, of FORSYTH.

This is a controversy arising out of an order duly passed by the Board of Education of Forsyth County on 18 July, 1950, to close Old Richmond High School and transfer the high school pupils to Old Town and Rural Hall school districts. Both the elementary and high school grades have been taught at Old Richmond High School for many years. It has been what is known as a union school. The Board set forth in its resolution that Old Richmond High School had less than one hundred students; that because of the smallness of the school the State Board of Education has refused to furnish a vocational home economics teacher, and that whatever training the pupils obtain in that field must be obtained from a teacher in another department. The Board found it would be for the best interest and advantage of the pupils of Old Richmond High School to transfer them to a larger high school; that it would result in a saving of money in the operation of the schools to close the Old Richmond High School and transfer its pupils to either Old Town High School or Rural Hall High School, and it was so ordered.

On 1 September, 1950, it appearing that additions to the Old Town and Rural Hall High Schools, which were under construction at that time, would not be completed and ready for use at the opening of school, the Board ordered that Old Richmond High School be kept "open for one more year, that is, the year 1950-1951."

A delegation from Old Richmond High School appeared before the Board of Education of Forsyth County on 6 August, 1951, and requested the Board to rescind its action of 1 September, 1950, and to continue the school for another year. The Board declined the request.

The delegation appealed from the action of the Board of Education of Forsyth County to the State Board of Education, and was given a hearing in Raleigh on 6 September, 1951. After hearing the arguments in said cause, the State Board of Education approved the action of the Board of Education of Forsyth County to transfer the high school pupils of the Old Richmond High School to the Old Town and Rural Hall High Schools.

The plaintiffs had theretofore, on 24 August, 1951, obtained a temporary restraining order against the defendants, enjoining them from interfering with the operation of a high school at Old Richmond and directed them to appear before the Honorable J. Will Pless, Jr., Judge presiding

and holding the courts of the Eleventh Judicial District, at 10 o'clock a.m., on the 10th day of September, 1951, and show cause, if any they have, why the order should not be made permanent or continued until the final hearing.

The plaintiffs, on 17 September, 1951, filed a motion to make the State Board of Education a party defendant, but it does not appear of record that a ruling thereon was requested in the court below or that the pending motion was called to the attention of the trial judge.

The cause came on for hearing before his Honor on 19 September, 1951, and upon a consideration of the affidavits and argument of counsel, the court held as a matter of law that the Board of Education of Forsyth County had the authority to make the order closing Old Richmond High School and to transfer the students therefrom to Rural Hall and to Old Town High Schools. And his Honor found as a fact that in making the order, the Board of Education of Forsyth County did not abuse its discretion, nor did it act in bad faith, and that the said order is in all respects lawful. Whereupon, the court dissolved the restraining order.

The plaintiffs appeal, assigning error.

*Buford T. Henderson for plaintiffs, appellants.*

*Hastings & Booe and Deal, Hutchins & Minor for defendants, appellees.*

DENNY, J. The question presented is whether the board of education in a county may, in its discretion, with the approval of the State Board of Education, close a high school in a union school and transfer the high school pupils to other high schools in adjoining districts.

Prior to the enactment of Chapter 562, Public Laws of 1933, this Court held in the case of *Clark v. McQueen,* 195 N.C. 714, 143 S.E. 528, that the board of education in a county, in this State, had the power, in the exercise of its discretion, to discontinue a high school in a union school, theretofore established by such board, in a school district of its county, and to transfer the high school to an adjoining district within the county, citing C.S. 5428, now G.S. 115-54, and C.S. 5437, now G.S. 115-61.

However, Chapter 562 of Public Laws of 1933, section 4, abolished "all school districts, special tax, special charter, or otherwise," as then constituted for school administration or for tax levying purposes and declared them to be nonexistent. The Act further provided, "the State School Commission in making provision for the operation of the schools shall classify each county as an administrative unit and shall with the advice of the county boards of education redistrict each county, thereby making provision for such convenient number of school districts as the Commission may deem necessary for the economical administration and operation

of the State school system and shall determine whether there shall be operated in such district an elementary or a union school."

The Public Laws of 1939, Chapter 358, as amended, now designated as the School Law of 1939, and codified as G.S. 115-347, *et seq.,* through 382, directed the State Board of Education, in section 5 of the Act, G.S. 115-352, to classify each county as an administrative unit, and with the advice of the county boards of education, to make a careful study of the district organization, as the same was constituted under the authority of section 4 of Chapter 562 of the Public Laws of 1933, as modified by the subsequent school machinery act. This section also contains these pertinent provisions: "The state board of education may modify such district organization when it is deemed necessary for the economical administration and operation of the state school system and it shall determine whether there shall be operated in such district an elementary or a union school. . . . School children shall attend school within the district in which they reside unless assigned elsewhere by the state board of education. It shall be within the discretion of the state board of education, wherever it shall appear to be more economical for the efficient operation of the schools, to transfer children living in one administrative unit or district to another administrative unit or district for the full term of such school without the payment of tuition: Provided, that sufficient space is available in the building of such unit or district to which the said children are transferred: Provided further, the provision as to the non-payment of tuition shall not apply to children who have not been transferred as set out in this section."

The School Law of 1939 did not repeal the provisions of Chapter 136 of the Public Laws of 1923 and the amendments thereto, now codified as G.S. 115-1, *et seq.,* through 339, except to the extent of any conflict therewith.

In G.S. 115-10, being section 4 of the 1923 Act, a union school is defined as a school embracing both elementary and high school grades. And the duty to provide an adequate school system for all the children of a county, as directed by law, is vested in the county board of education. G.S. 115-54. And G.S. 115-56 provides: "The county board of education, subject to any paramount powers vested by law in the state board of education or any other authorized agency, shall have general control and supervision of all matters pertaining to the public schools in their respective counties, and they shall execute the school laws in their respective counties. . . ."

Furthermore, G.S. 115-99 contains the following provisions: "The county board of education is hereby authorized and empowered to consolidate schools located in the same district, and, with the approval of the state board of education, to consolidate school districts, over which

the board has full control, whenever and wherever in its judgment the consolidation will better serve the educational interests of the county or any part of it: Provided, existing schools having suitable buildings shall not be abolished until the county board of education has made ample provisions for transferring all children of said school to some other school in the consolidated district."

Under our present statutes pertaining to the operation and control of our public school system, we have two methods whereby a school district may be changed. Under the provisions of G.S. 115-352, the State Board of Education may modify a district organization when it is deemed necessary for the economical administration and operation of the state school system, and in the modification of a district the State Board of Education shall determine whether an elementary or union school shall be operated therein. And under the provisions contained in G.S. 115-99, a county board of education is authorized and empowered to consolidate schools located in the same district, and, with the approval of the State Board of Education, a county board of education may consolidate districts over which the board has full control, whenever and wherever in its judgment the consolidation will better serve the educational interests of the county or any part of it.

And, unless the school authorities act contrary to law, or there is a manifest abuse of discretion on their part, the courts will not interfere with their action in creating or consolidating school districts, or in the discharge of any other discretionary duty conferred upon them by law. *Gore v. Columbus County,* 232 N.C. 636, 61 S.E. 2d 890; *Feezor v. Siceloff,* 232 N.C. 563, 61 S.E. 2d 714; *Messer v. Smathers,* 213 N.C. 183, 195 S.E. 376; *Moore v. Board of Education,* 212 N.C. 499, 193 S.E. 732; *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484; *Crabtree v. Board of Education,* 199 N.C. 645, 155 S.E. 550; *Clark v. McQueen, supra; Board of Education v. Pegram,* 197 N.C. 33, 147 S.E. 622; *Board of Education v. Forrest,* 190 N.C. 753, 130 S.E. 621; *School Commissioners v. Aldermen,* 158 N.C. 191, 73 S.E. 905; *Newton v. School Committee,* 158 N.C. 186, 73 S.E. 886; *Venable v. School Committee,* 149 N.C. 120, 62 S.E. 902.

The appellants contend that students cannot be transferred from the school district in which they reside to another district, except by the State Board of Education in the manner provided by G.S. 115-352. In our opinion the provisions contained in this section of the statute, with respect to the transfer of students from one district to another, have no application to the facts presented on this appeal. This statute contemplates a transfer of students for a single school year, or from year to year, and simply provides that when the State Board of Education orders such transfer, the pupils involved shall not be required to pay tuition.

The transfer contemplated and authorized by the resolution of the Board of Education of Forsyth County is tantamount to the abolition of the Old Richmond district as a union or high school district, but does not affect its continued existence as an elementary school district.

The Constitution of this State, Article IX, section 3, requires the maintenance of one or more public schools in each school district for at least six months in every year, but this mandate does not apply to high schools. *Elliott v. Board of Equalization,* 203 N.C. 749, 166 S.E. 918; *Clark v. McQueen, supra.*

It is provided, however, in G.S. 115-352, that school children shall attend school within the district in which they reside unless assigned elsewhere by the State Board of Education. And, as we have heretofore pointed out, the authority vested in the State Board of Education in this section, with respect to the transfer of students, did not contemplate the permanent transfer of an entire school. The transfer of an entire high school where the student body is to be divided between two other high schools, in our opinion, requires a modification of the high school districts involved by the State Board of Education, as provided in G.S. 115-352, or a consolidation of the area in which a union or high school is no longer to be maintained, with some other district or districts. Such consolidation may be made by a county board of education with the approval of the State Board of Education. G.S. 115-99.

Therefore, we hold that as a prerequisite to the enforcement of the order to close the high school presently operated as a union school in Old Richmond district, the area in this district must be consolidated in a manner provided by law, with some other high school district or districts. The entire area, or any part thereof, may be consolidated with the Rural Hall High School district. Likewise, all or any part thereof may be consolidated with the Old Town High School district. This is a matter committed to the sound discretion of the school authorities.

Furthermore, if the consolidation or consolidations are to be made pursuant to the provisions contained in G.S. 115-99, it should be made to appear that ample school facilities have been provided in the proposed consolidated district or districts to which the children residing in the Old Richmond district are to be transferred.

We concur in the opinion of the court below to the effect that in passing the order to close the high school department in the union school in Old Richmond district, the Board of Education in Forsyth County acted in good faith, and that the Board had the authority to make the order. We likewise concur in the judgment dissolving the restraining order. Even so, we hold that the school authorities may not close the Old Richmond High School and transfer the high school students now residing in the Old Richmond district, as contemplated by the resolution passed by

the Board of Education of Forsyth County, adopted on 18 July, 1950, and approved by the State Board of Education on 6 September, 1951, unless and until the school authorities comply with the legal requirements pointed out in this opinion with respect to the modification or consolidation of the districts involved, and the findings relative to the school facilities in the consolidated district or districts to which the children are to be transferred.

The motion pending in the Superior Court to make the State Board of Education a party defendant, having never been ruled upon by the court below, the question as to whether such Board is a necessary party to this action, is not before us. However, the State Board of Education is not a necessary party to a complete adjudication and settlement of the questions raised on this record.

Except as modified herein, the judgment of the court below is affirmed.

Modified and affirmed.