GATES SCHOOL DISTRICT COMMITTEE, COMPOSED OF M. R. TAYLOR, JOHN H. WIGGINS AND R. G. OWENS, AND THE FOLLOWING INDIVIDUALLY, J. R. FREEMAN, J. N. EURE, L. J. HAYES, HARRY EURE, D. G. FREEMAN, L. T. HARRELL AND HOWARD EURE, CITIZENS, RESIDENTS AND TAXPAYERS AND PATRONS OF THE ABOVE NAMED SCHOOL DISTRICT, HAVING CHILDREN ASSIGNED TO AND ATTENDING THE SCHOOL OF SAID DISTRICT AS PUPILS, v. THE BOARD OF EDUCATION OF GATES COUNTY, COMPOSED OF S. P. CROSS, CHAIRMAN, AND MRS. MARION NIXON AND LAMAR BENTON AND W. C. HARRELL, GATES COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION.

(Filed 24 September, 1952.)

**Schools § 3a—Complaint held insufficient to state cause to restrain consolidation of schools either for want of authority or abuse of discretion.**

This action was instituted to enjoin school authorities from consolidating a non-special tax district for administrative and attendance purposes with a special tax district having no special tax under G.S. 115-189, G.S. 115-361, plaintiffs alleging that the consolidation was not authorized by law and that such consolidation, under the circumstances, amounted to abuse of discretion. *Held:* It having been determined on a former appeal that the County Board of Education had authority to order the consolidation under the provisions of G.S. 115-99, and it appearing from the facts alleged that there were cogent reasons for consolidating the schools negating abuse of discretion in the decision to consolidate, defendants' demurrer *ore tenus* to the complaint was properly sustained.

APPEAL by plaintiffs from *Williams, J.,* at March Term, 1952, of GATES.

Suit to enjoin or set aside the action of school authorities in consolidating schools.

Prior to the order of discontinuance and consolidation hereafter mentioned, the Board of Education of Gates County maintained an elementary school in the Gates School District, a non-special tax district of Gates County, and a union school in the Gatesville School District, a special tax district of Gates County. The Gatesville School District does not have a supplemental tax under G.S. 115-189 or G.S. 115-361. On 28 August, 1951, the Board of Education of Gates County, acting with the approval of the State Board of Education, entered an order discontinuing the elementary school in the Gates School District and consolidating such elementary school for administrative and attendance purposes with the union school in the Gatesville School District.

The plaintiffs M. R. Taylor, John H. Wiggins, and R. G. Owens, as school committeemen of the Gates School District, and the plaintiffs J. R. Freeman, J. N. Eure, L. J. Hayes, Harry Eure, D. G. Freeman, L. T. Harrell, and Howard Eure, as citizens, parents, and taxpayers residing in the Gates School District, thereupon brought this action against the defendants, the Board of Education of Gates County, and W. C. Harrell, the Superintendent of Public Instruction of Gates County, to set aside the order of 28 August, 1951, and to enjoin the defendants from carrying such order into effect.

The complaint undertakes to attack the legality of the action of the school authorities on the theory that their action was either without authority of law, or so clearly unreasonable as to amount to an oppressive and manifest abuse of any authority conferred upon them by law. The defendants answered, denying the validity of the plaintiffs' case.

The plaintiffs applied to Judge J. Paul Frizzelle for an interlocutory or preliminary injunction to restrain the defendants from carrying the order of discontinuance and consolidation into effect pending the final hearing, and Judge Frizzelle granted such injunction upon the specific hypothesis that the order in question was not sanctioned by law. This court reviewed this ruling upon the appeal of the defendants, held that the issuance of the injunction constituted error, and remanded the cause to the Superior Court for further proceedings. *School District Committee v. Board of Education,* 235 N.C. 212, 69 S.E. 2d 529.

When the cause came on for hearing at the March Term, 1952, of the Superior Court of Gates County, the defendants demurred *ore tenus* to the complaint and moved to dismiss the action on the ground that the complaint did not state facts sufficient to constitute a cause of action. Judge Williams, the presiding judge, rendered a judgment sustaining the oral demurrer and dismissing the action. The plaintiffs appealed, assigning the judgment as error.

*John A. Wilkinson and H. S. Ward for plaintiffs, appellants.*
*Godwin & Godwin for defendants, appellees.*

ERVIN, J. These propositions are well settled:

1. The Superior Court may enjoin or set aside the action of school authorities in creating or consolidating school districts when their action is without authority of law. *Kreeger v. Drummond,* 235 N.C. 8, 68 S.E. 2d 800; *Kistler v. Board of Education,* 233 N.C. 400, 64 S.E. 2d 403; *Feezor v. Siceloff,* 232 N.C. 563, 61 S.E. 2d 714; *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484; *School Committee v. Board of Education,* 186 N.C. 643, 120 S.E. 202; *Davenport v. Board of Education,* 183 N.C. 570, 112 S.E. 246; *Pemberton v. Board of Education,* 172 N.C. 552, 90 S.E. 578; *Pickler v. Board of Education,* 149 N.C. 221, 62 S.E. 902; *Venable v. School Committee,* 149 N.C. 120, 62 S.E. 902.

2. Although the law may confer upon school authorities the discretionary authority to create or consolidate school districts, the Superior Court may enjoin or set aside the creation or consolidation of school districts by such authorities when their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of their discretion. *Kreeger v. Drummond, supra; Kistler v. Board of Education, supra; Gore v. Columbus County,* 232 N.C. 636, 61 S.E. 2d 890; *Feezor v. Siceloff, supra; Atkins v. McAden, supra; Messer v. Smathers,* 213 N.C. 183, 195 S.E. 376; *Moore v. Board of Education,* 212 N.C. 499, 193 S.E. 732; *Crabtree v. Board of Education,* 199 N.C. 645, 155 S.E. 550; *Clark v. McQueen,* 195 N.C. 714, 143 S.E. 528; *Board of Education v. Forrest,* 190 N.C. 753, 130 S.E. 621; *McInnish v. Board of Education,* 187 N.C. 494, 122 S.E. 182; *School Committee v. Board of Education, supra; Pemberton v. Board of Education, supra; Newton v. School Committee,* 158 N.C. 186, 73 S.E. 886; *Pickler v. Board of Education, supra; Venable v. School Committee, supra.*

When this cause was before us on the former appeal, we held that the statute embodied in G.S. 115-99 confers upon a county board of education, which acts in such respect with the approval of the State Board of Education, discretionary legal authority to consolidate a non-special tax district, either in whole or in part, for administrative and attendance purposes only with a special tax district having no supplemental tax under G.S. 115-189 or G.S. 115-361 without the consent of the voters in the portion of the non-special tax district being added to the special tax district. *School District Committee v. Board of Education, supra.* This holding is tantamount to an adjudication that the Board of Education of Gates County was authorized by law to adopt the order of discontinuance and consolidation under attack, and that the complaint is fatally defective in so far as it attempts to allege the contrary.

It would unduly prolong this opinion without effecting a compensating good to set forth a minute analysis of the other allegations of the complaint. When all is said, they merely disclose that at the time of their adoption of the order of discontinuance and consolidation, the school authorities were confronted by appealing reasons, chiefly sentimental in character, for continuing the elementary school in the Gates School District, and cogent reasons, largely practical in nature, for consolidating it with the union school in the Gatesville School District. The circumstance that the school authorities chose the latter course rather than the former does not suffice to show that they abused their discretion.

What has been said compels the conclusion that the complaint does not state facts sufficient to constitute a cause of action, and necessitates an affirmance of the judgment. McIntosh: North Carolina Practice and Procedure in Civil Cases, section 448.

Affirmed.