BOARD OF EDUCATION OF ORANGE COUNTY v. THOMAS J. FORREST
AND JAMES O. WEBB.

(Filed 16 December, 1925.)

1. Education—Public Schools—Playgrounds—Condemnation—Statutes.

Under the provisions of C. S., 5416, the board of education of a county may acquire for public school purposes lands not exceeding two acres for the necessary buildings for the school, including playgrounds for the scholars, and having acquired by deed a portion of the necessary lands may afterwards acquire by condemnation additional and adjoining lands, not exceeding the statutory limitation, when in the sound discretion of the school board they appear necessary for the purposes of the school. This section is not affected by C. S., 5469 (vol. III), as to limiting the board to acquire such property for the school building sites, etc., only by condemnation.

2. Same—County Board of Education—Discretionary Powers—Courts.

The county board of education in acquiring by condemnation additional lands to be used as a playground to a public school, acts within its sound discretion, with which the courts seldom interfere.

APPEAL by plaintiff from a judgment rendered by *Grady, J.,* 5 October, 1925.

The plaintiff filed a petition in the Superior Court of Orange to condemn for school purposes a lot containing 1.09 acres. The defendant, Webb, filed an answer, and his Honor, hearing the case by consent of parties, found the following facts:

1. That on 9 April, 1925, the board of education of Orange County, North Carolina, duly instituted in the Superior Court of Orange County an action against Thomas J. Forrest for the purpose of condemning a tract of land described in the pleadings, containing 1.09 acres, for the use and benefit of the Efland High School, and in order to carry out the original plans and arrangements for said school and for necessary playgrounds and entrance to said school building, which said school building had been erected during the fall of the year 1924, as hereinafter set forth; that at the time of instituting said action the said Thomas J. Forrest was a nonresident of the State of North Carolina, living in Atlanta, Ga., and an order of publication of summons was duly issued by the clerk of the Superior Court of Orange County in said action on 9 April, 1925, requiring the said defendant to appear at the offices of the clerk of the Superior Court of Orange County on 11 May, 1925, and answer or demur to the petition filed in said cause, and that said summons was duly published as required by statute.

2. That on 9 April, 1925, the plaintiff filed a petition praying for the condemnation of the property belonging to the defendant described herein.

48—190

3. That on 29 April, 1925, and on 1 May, 1925, the plaintiff duly filed and docketed in the office of the clerk of the Superior Court of Orange County notice of *lis pendens* as required by statute.

4. That the defendant James O. Webb secured a deed from Thomas J. Forrest for said premises, dated 2 March, 1925, acknowledged in Fulton County, Ga., by the grantor, before a notary public on 30 April, 1925, and probated by the clerk of the Superior Court of Orange County on 6 May, 1925, and filed for registration in the office of the register of deeds for Orange County on 6 May, 1925. That payment for said land was made by the defendant, James O. Webb, by check which was dated and mailed on 24 April, 1925.

5. That on 29 April, 1925, the plaintiff duly issued summons against Thomas J. Forrest and James O. Webb, which said summons was served by the sheriff of Orange County on 30 April, 1925, and personally served on the defendant, James O. Webb, on 30 April, 1925, and that on the same day the plaintiff filed an amended complaint against the said Thomas J. Forrest and James O. Webb, praying for the condemnation of said property for the purposes set out in said petition and amended petition, and upon an affidavit duly filed at said time, alleging that the said defendant, James O. Webb, had entered into possession of said property and was beginning to plow up, ditch and lay off streets on the same, and that Hon. Thomas H. Calvert, judge, holding courts of the Tenth Judicial District, issued a restraining order enjoining and restraining the said James O. Webb, his servants, agents and attorneys, from going upon said land, and that the hearing of said restraining order was postponed by consent of the parties and without prejudice from time to time until the same came regularly on to be heard before the undersigned judge holding the courts of the Tenth Judicial District.

6. That prior to 9 June, 1924, the board of education of Orange County, in regular session assembled, decided to consolidate the schools of Orange County and in pursuance to said plan of consolidation decided to locate the school building for Cheek's Township at Efland, N. C., and that on 9 June, 1924, said board of education in regular session assembled went to Efland in said Cheek's Township, Orange County, and after examining various sites, selected a site for said school building, containing a fraction over 6 acres of land, and thereafter, on 27 June, 1924, caused a survey of said site to be made by R. M. Trimble, C. E., that said site so selected as a suitable school site by said board of education was composed of two parcels of land, one parcel containing five and a fraction acres, and owned by J. M. Freeland and George J. Freeland, and another parcel containing 1.09 acres owned at that time by the defendant, Thomas J. Forrest; that a street, road, or alleyway, runs between said lots as shown by said plot, said street, road or alleyway

being ten feet in width, and two feet of western portion thereof being included in the deed which conveyed the property now in question to the defendant, T. J. Forrest. That a plot of said land is hereto attached and made a part of this judgment. That the board of education thereafter on ·19 July, 1924, purchased the five and a fraction acres owned by J. M. Freeland and George J. Freeland, and a deed for said property was duly executed by said owners and delivered to the plaintiff and duly recorded in the office of the register of deeds of Orange County on 29 July, 1924, and the purchase price was duly paid.

7. That on 9 June, 1924, the time said site was selected by the board of education, no notice thereof was given to Thomas J. Forrest or James O. Webb, and neither said Thomas J. Forrest nor James O. Webb were present, but that the board of education understood from a brother of Thomas J. Forrest that there would be no trouble in securing the land from Thomas J. Forrest, though the said brother, S. C. Forrest, denies under oath that he ever did anything by word or act that would lead the board of education to any such understanding. That the board of education proceeded, immediately following the selection of the site, to erect a modern school building on the five and a fraction acres which had been bought from J. M. Freeland and George J. Freeland, and that said building was completed and school opened therein about the first of January, 1925.

8. That immediately after the site for said school building was selected on 9 June, 1924, as set out in paragraph 6 above, the board of education endeavored to get title to the lot belonging to Thomas J. Forrest communicating direct with said Thomas J. Forrest, but were unable to effect the purchase of said lot at a satisfactory price, and reported this fact to the secretary of said board at its meeting in December, 1924, and at that time passed a resolution directing said secretary to have proceedings instituted to condemn the lot of 1.09 acres belonging to T. J. Forrest, but pending further efforts to purchase, no condemnation was begun until April, 1925.

Upon the foregoing facts it was adjudged that the plaintiff has no legal right to condemn the lot· as a part of the site of the Efland High School, said school now having a site of more than five acres and the lot in question not having been secured by purchase or condemnation at the time the school building was erected. It was also adjudged that the restraining order be dissolved. The plaintiff excepted and appealed.

*Gattis & Gattis and W. J. Brogden for plaintiff.*
*A. H. Graham and R. O. Everett for defendants.*

ADAMS, J. From the wording of the judgment we infer his Honor was of opinion that the plaintiff is not entitled to the relief demanded

because the county board of education did not purchase or condemn the lot in suit at the time title was acquired to the five acres. In this we think there is error. It was formerly provided (C. S., vol. II, sec. 5416), that the county board of education or the board of trustees of any incorporated or chartered school district might acquire sites for school buildings by donation or purchase, and not more than two acres by condemnation; and, further, that a proceeding might be instituted to condemn more land in a district where a house or a site had previously been obtained, the site and the additional lot not to exceed three acres. In 1921 this section was amended by striking out "not more than two acres" and substituting "not more than ten acres" (Laws 1921, ch. 179, sec. 18), and in 1923 it was repealed (Laws 1923, ch. 136, sec. 373) and thereafter superseded by C. S., vol. III, sec. 5469, in which it is again provided that not more than ten acres may be condemned. The amendment of 1924 is not material. Laws, Ex. Sess., 1924, ch. 121. Section 5416 sanctioned the condemnation of such additional land, not exceeding the area limited by the statute, as was deemed necessary to provide suitable sites. It is contended by the defendant that this section has been substituted by C. S., vol. III, sec. 5469, and that the latter statute confers authority "only to acquire property by condemnation for school purposes or school buildings." But the county board of education is expressly empowered to acquire title to "suitable sites." Section 5469. The meaning of the word "site" as used in the statute is broad enough to embrace such land, not exceeding the statutory limit, as may reasonably be required for the suitable and convenient use of the particular building; and land taken for a playground in conjunction with a school may be as essential as land taken for the schoolhouse itself. 24 R. C. L., 582, sec. 31.

It appears in the statement of facts that the plaintiff, after deciding to consolidate the schools, selected as a site for the building a lot of more than six acres including the lot in question; that upon the reasonable assumption that title to each lot could be acquired by purchase the plaintiff erected a modern school building on the five-acre lot; and that afterwards it became necessary to condemn the lot in controversy. In all these matters the plaintiff was acting in the exercise of a discretion with which the courts seldom interfere. *McInnish v. Bd. Ed.,* 187 N. C., 494; *School Committee v. Board of Education,* 186 N. C., 643; *Davenport v. Board of Education,* 183 N. C., 570; *Pemberton v. Board of Education,* 172 N. C., 552; *Venable v. School Committee,* 149 N. C., 120.

Under the judge's findings of fact the process of acquiring title to the five-acre lot by purchase and to the one-acre lot by condemnation may be regarded as separate stages in the accomplishment of a common purpose to appropriate both lots for the benefit of the school. Otherwise the plaintiff's original purpose would be defeated. If both lots were

selected at the same time as a site for the school and only one could be purchased, we see no satisfactory reason for denying to the plaintiff the right to condemn the other. We have given to the appellee's brief our careful consideration but find no authority, as we understand the law, which antagonizes our conclusion. The judgment is

Reversed.