BOARD OF EDUCATION OF WAKE COUNTY AND JOHN C. LOCKHART,
SUPERINTENDENT OF PUBLIC INSTRUCTION OF WAKE COUNTY, v. DELIA
BANKS PEGRAM AND HUSBAND, MONROE PEGRAM.

(Filed 10 April, 1929.)

1. Schools and School Districts B a—Board of Education has power to condemn additional land to enlarge school district.

Construing C. S., 5469, in connection with the former statutes giving the county board of education the power to condemn lands necessary for public school purposes within the limitation of ten acres, it is *Held*, the fact that one of these schools had already acquired a less amount of land did not preclude the county board of education from acquiring by another proceeding sufficient lands to meet the enlarged and necessary requirements of the school for additional lands within the limitation imposed by statute.

2. Same—Construction of Statutes.

Where the county board of education has the power to condemn land under former statutes the question of whether a later statute is declaratory of the existing law or whether it confers additional power upon the board becomes academic.

CIVIL ACTION, before *Harris, J.,* at November Term, 1928, of WAKE.

The facts found by the clerk were substantially as follows: The Willow Springs School in Wake County acquired a school site containing two acres, in 1905. In 1927 the school district was greatly enlarged and was thereafter known as the Willow Springs Consolidated School, and "it is necessary that the site be enlarged by reason of the great increase in number of children attending the consolidated school." The defendants owned approximately seven acres of land adjacent to said school, and on 4 January, 1928, the board of education undertook pursuant to law to condemn two and a half acres of the land of the defendants as a school site, which would give the said school a site containing four and a half acres, more or less.

Upon the foregoing facts the clerk was of the opinion that the plaintiff had no power to acquire additional land by virtue of the provision of chapter 136, section 61, Public Laws 1923, which is embodied in C. S., 5469.

Upon appeal from the clerk to the judge of the Superior Court the ruling of the clerk was affirmed, and the plaintiff appealed.

*J. C. Little for plaintiff.*
*Briggs & West for defendants.*

BROGDEN, J. The defendants contend that the county board of education, having selected a site containing two acres, was without power to

condemn additional land under the law as it existed at the time of instituting the suit. This contention is based upon the theory that C. S., 5469 does not authorize a county board of education to exercise the power of condemnation but once; and thus, when a site has been acquired, the power to condemn is exhausted, irrespective of the growth of the school and the imperative necessity for an enlarged site.

Apparently, the power to condemn was first bestowed upon county boards of education by section 31, chapter 4, Public Laws 1901. This statute permitted schools to condemn not more than one acre for a site; provided, however, that improved land was not to be taken unless absolutely necessary. Section 13, chapter 435, Public Laws 1903, substituted two acres for one acre. Section 8, chapter 533, Public Laws 1905, amended the act of 1901, by permitting additional land to be secured for a school site provided the original site plus the additional land acquired did not exceed two acres. Section 1-b, chapter 149, Public Laws 1913, provided that additional land could be acquired and added to the original site provided the total amount of land did not exceed three acres. Section 61, chapter 136, Public Laws 1923, now incorporated as a part of C. S., 5469, provided for a school site of "not more than ten acres." It appears, therefore, that since 1901 boards of education have been authorized to condemn land for suitable school sites. Section 1-b, chapter 149, Public Laws 1913, incorporated in 2 C. S., 5416, undertook to provide for a minimum and a maximum school site. In other words, the board of education was authorized to condemn "not more than two acres," but it could thereafter acquire an additional acre, making a maximum of three acres. However, 5469 prescribes no minimum at all, but fixes the maximum school site at "not more than ten acres." Evidently, it was contemplated that a school site was an elastic quantity, varying as the expansion and needs of the school systems might require. This idea is embodied in the term "suitable site" appearing in the statute. Where the power of condemnation is expressly conferred and a maximum of land prescribed, we can see no just or logical reason why the power would be exhausted by one exercise thereof unless of course the maximum quantity of land had been acquired.

One phase of the question now presented, was considered by this Court, in *Board of Education v. Forrest,* 190 N. C., 753, 130 S. E., 621. The decision was based upon the fact that the board of education had originally selected the land in dispute as a part of the school site and had purchased a part of the site and erected a building thereon, and being unable to secure the other portion so selected, proceeded to condemn the same, and therefore the purchase of one portion and the condemnation of the other were merely separate stages in the same

transaction. Hence the question of law presented in the present appeal was neither discussed nor decided in the *Forrest case.*

However, the General Assembly amended C. S., 5469, in March, 1929, by providing that "where sites have already been acquired and additional adjacent lands are necessary, such additional lands may be acquired as in this section provided, which lands, together with the old site, shall not exceed ten acres." Whether the act of 1929 was merely declaratory of the law then existing, or whether it was intended to confer an additional power of condemnation is now wholly immaterial and academic.

Reversed.