J. MURREY ATKINS, BROCK BARKLEY, J. H. GLENN, R. M. MAUDLIN, F. O. ROBERTS, DR. HERBERT SPAUGH AND MRS. F. O. CLARKSON, SCHOOL COMMISSIONERS OF THE CITY OF CHARLOTTE, v. S. Y. McADEN, J. CALDWELL McDONALD, SANDY G. PORTER, J. CARL McEWEN AND ARNIE D. CASHION, THE BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, AND GEORGE P. HOUSTON.

(Filed 4 February, 1949.)

1. **Taxation § 11: Schools § 10b—**

   A bond order must set forth one of the purposes enumerated in G.S. 153-77, but it is not required that it set out in detail the estimates of cost and descriptions of the particular projects for which the funds are proposed to be used, and their inclusion does not limit the allocation of the proceeds of the bonds, provided the use of the funds falls within the general purpose designated. G.S. 153-78, G.S. 153-107.

2. **Schools § 9c—**

   The bond order in question set out in detail the estimates and projects for which the funds were proposed to be used in discharge of the constitutional requirement of a six months school term within the municipal administrative unit. *Held:* G.S. 153-107 does not preclude the board of county commissioners, upon its finding, after investigation, of changed conditions, to reallocate the proceeds of the bonds to different projects upon its further finding, after investigation, that such reallocation of the funds is necessary to effectuate the purpose of the bond issue. G.S. 115-83.

3. **Same—**

   The question of changing the location of a schoolhouse, as well as the selection of a site for a new one, is vested in the sound discretion of the school authorities, which discretionary power is not subject to control by the courts except for manifest abuse of discretion or improper motives on

the part of the school authorities, but all expenditure for the construction, repair and equipment of school buildings in the county must be authorized by the county commissioners.   G.S. 115-83.

APPEAL by defendants from *Patton, Special Judge,* at September, 1948, Extra Term, of MECKLENBURG.

This action is brought under the provisions of the Uniform Declaratory Judgment Act, to determine whether or not the Board of Commissioners of Mecklenburg County has the legal right to allocate or reallocate the proceeds from the sale of school bonds for the erection, repair or equipment of any school buildings except those referred to in the bond order adopted by the County Commissioners and in accordance with the estimates contained therein.

On 5 February, 1946, the Board of Commissioners of Mecklenburg County met in special session to consider a request from the School Commissioners of the City of Charlotte to provide certain school improvements aggregating $3,980,000.00.   The Board decided to consider the advisability of issuing school bonds in the sum of $5,972,000.00, of which $3,980,000.00 would be allocated to the City of Charlotte School Administrative Unit and the sum of $1,992,000.00 to be used and expended in the Mecklenburg County School Administrative Unit.

Pursuant to the requests of the School Commissioners of the City of Charlotte and the County Board of Education of Mecklenburg County, the Board of Commissioners of Mecklenburg County found the following facts: "Whereas, the Board of Commissioners of the County of Mecklenburg has carefully examined the facts and has determined, and hereby finds as a fact, that it has become the duty of said Board of Commissioners, acting as an administrative agent of the State in providing a State system of public schools, to order the issuance of a sufficient amount of County bonds to provide the school improvements mentioned in said resolutions, in order to maintain the constitutional six months' school term in Mecklenburg County," . . . Whereupon the following resolution was adopted: "That, pursuant to the County Finance Act, as amended, bonds of Mecklenburg County be issued in an amount not exceeding $5,972,-000.00 for the purpose of providing funds for erecting, remodeling and enlarging school buildings, including the acquisition of necessary land and equipment, in order to maintain the constitutional six months' school term in Mecklenburg County, the estimated costs of which are as follows:

Charlotte Administrative Unit for remodeling or enlarging
19 School Buildings (naming them)..................................... $1,497,500.00
New School buildings (naming them), among them being
Chantilly and Park Road Elementary Schools................. 2,022,500.00
2 New Buildings to replace old sections of First Ward and

Elizabeth Schools and equipment...................................... 460,000.00

(The estimates for the Mecklenburg County Administrative Unit not being pertinent to this appeal, they are omitted.)

The order authorizing the issuance of these bonds was duly adopted. The approval of the bond issue by the voters of Mecklenburg County was obtained in a special election, 23 April, 1946, and the notice of election contained the same descriptive information as to building projects as that which appeared in the bond order.

On 19 July, 1948, the School Commissioners of the City of Charlotte, informed the Board of Commissioners of Mecklenburg County that while it was originally contemplated to use $230,000.00 of this bond issue to demolish the present old First Ward School Building, used for white children, and to erect in lieu thereof a new building, in view of the exodus of white families from the area, which reduced the enrollment in the First Ward School by 199 during the 1947-48 school year under the 1945-46 enrollment; the encroachment of business and industry within the territory and the increase of the colored population in the area, it has been determined that the present building, with the expenditure of $65,000.00 could be made adequate to meet the requirements of the district; and that to expend more of these funds on the First Ward School Building would be "improvident and against their better judgment." Whereupon, they requested the Board of Commissioners of Mecklenburg County to allocate from the so-called First Ward School Funds $100,000.00 to be used for further improving Chantilly and Park Road Elementary Schools and that the balance of the said funds, after renovating and repairing the First Ward School, be made available for constructing, repairing and equipping other school buildings in the City of Charlotte.

The Board of Commissioners, being of the opinion that it had no legal right or authority to reallocate these funds, or to permit their use for any other purposes than those enumerated in the bond order, refuse to accede to the request of the plaintiffs.

This action was instituted and came on to be heard before his Honor, without a jury, and after argument of counsel for both plaintiffs and defendants, the trial Judge, in addition to finding facts as set out above, also found as a fact that the plaintiffs in their administrative discretion, without being influenced by improper motives and without misconduct on their part, have determined that to replace the old section of First Ward School would be unwise, improvident and not in the best interest of education in the City of Charlotte and not to expend over $65,000.00 on the old section of First Ward School; that the plaintiffs, having so found, in good faith made the request for the reallocation of the funds as set out hereinabove. The court further found that the defendant George P. Houston is a resident of the First Ward in the City of Charlotte, a taxpayer of said City, and interested in this proceeding.

Upon the foregoing facts, his Honor concluded as a matter of law, that the purpose for which these funds may be used is the general purpose set forth in the bond order, and that the details set forth therein were but estimates of costs and as such are not binding as detailed purposes for which the bond funds must be used, and entered judgment accordingly; and also held that the request by the plaintiffs for the transfer or re-allocation of these funds should have been granted as requested.

Defendants appeal and assign error.

*John D. Shaw for appellees.*

*Taliaferro, Clarkson & Grier for County Commissioners of Mecklenburg County.*

*Whitlock, Dockery & Moore for George P. Houston.*

DENNY, J. No attack is made upon the validity of the bonds referred to in this action. The sole question raised is whether or not, under the facts and circumstances disclosed, the Board of Commissioners of Mecklenburg County has the legal authority to authorize a transfer of funds from the First Ward School project, as requested by the plaintiffs.

We concur in the ruling of the court below in so far as it holds that the purpose for which these funds may be used is the general purpose set forth in the bond order, as provided in G.S. 153-78. The detailed estimates given and the projects described in the bond order were not essential to the validity of the order, and it is so provided in the statute. Therefore, the inclusion of this detailed information would not change the purpose for which these bonds were issued and create a multiplicity of purposes in lieu thereof. These bonds were issued for the purpose of providing funds for erecting, remodeling and enlarging school buildings, including the acquisition of necessary land and equipment, in order to maintain the constitutional six months' school term in Mecklenburg County.

The statute provides (G.S. 153-78) that the bond order must state the purpose for which the bonds are to be issued, but not more than one purpose of issue shall be stated, and that the purposes set forth in any one subsection of G.S. 153-77 shall be deemed as one purpose.

The defendants contend that the proceeds of the sale of these bonds must be used only for the purposes specified in the bond order authorizing the bonds, citing G.S. 153-107. It is so provided in this statute, which further provides: "If any member of the governing body or any county officer shall vote to apply or shall apply, or shall participate in applying any proceeds of bonds . . . in violation of this section, such member or such officer shall be guilty of a felony . . ."

In construing this statute, however, we must keep in mind that a bond order may contain several sections and authorize the issue of bonds for

different purposes.  G.S. 153-77 sets out eleven different purposes for which bonds may be issued.  But G.S. 153-107, in our opinion, does not place a limitation upon the legal right to transfer or allocate funds from one project to another included within the general purpose for which bonds were issued.  The inhibition contained in the statute is to prevent funds obtained for one general purpose being transferred and used for another general purpose.  For example, the statute prohibits the use of funds derived from the sale of bonds to erect, repair and equip school buildings, from being used to erect or repair a courthouse or a county home, or similar project.  This view is in accord with the provisions of G.S. 159-49.1, which provides: "If for any reason the whole or any part of the proceeds of the sale of bonds heretofore issued by a county, city or town, cannot be applied to the purpose for which such bonds were authorized, such proceeds may be invested in either bonds, notes or certificates of indebtedness of the United States of America . . .," etc.

We are of the opinion and so hold that the Board of Commissioners of Mecklenburg County does have the legal authority to transfer the funds in question: Provided, however, the Board upon investigation, shall find as a fact that since these bonds were authorized, conditions have so changed in the First Ward area that such funds are no longer necessary for the adequate repair, renovation and equipment of First Ward School. In the event the Board so finds, it may then transfer the $100,000.00 to be used for further enlarging and improving Chantilly and Park Road Elementary Schools; and any additional part of the $230,000.00 not required on the First Ward School project may also be transferred to other school building or repair projects: Provided, however, the Board of Commissioners shall find upon investigation, that the use of such funds is necessary to provide the proper buildings and equipment for Chantilly and Park Road Elementary Schools and for constructing, repairing and equipping other school buildings in the City of Charlotte. G.S. 115-83.

The county board of education and the school commissioners or trustees of an administrative unit, are charged with the responsibility of building all new schoolhouses and repairing the old ones in their respective administrative units.  However, the board of county commissioners is charged with the duty to determine what expenditures shall be made for the erection, repair and equipment of school buildings in the respective administrative units in the county.  And when a board of commissioners, upon investigation, finds that an expenditure is necessary in order to maintain the constitutional six months' school term in the county, or in an administrative unit therein, it becomes the duty of the county commissioners to

provide the funds necessary to meet such expenditures.   G.S. 115-83. *Johnson v. Marrow,* 228 N. C. 58, 44 S. E. (2) 468.

This control over the expenditure of funds for the erection, repair and equipment of school buildings by the board of county commissioners, will not be construed so as to interfere with the exclusive control of the schools vested in the county board of education or the trustees of an administrative unit. *School Commissioners v. Aldermen,* 158 N. C. 191, 73 S. E. 905.

The question of changing the location of a schoolhouse, as well as the selection of a site for a new one, is vested in the sound discretion of the school authorities, and their action cannot be restrained by the courts, unless in violation of some provision of the law, or the authorities have been influenced by improper motives, or there has been a manifest abuse of discretion on their part.   G.S. 115-85; *Venable v. School Committee,* 149 N. C. 120, 62 S. E. 902; *School Commissioners v. Aldermen, supra; Board of Education v. Forrest,* 190 N. C. 753, 130 S. E. 621; *Board of Education v. Pegram,* 197 N. C. 33, 147 S. E. 622.

Likewise, all expenditures for the construction, repair and equipment of school buildings in a county, must be authorized by the board of county commissioners, acting in good faith, pursuant to statutory and constitutional authority.

The judgment of the court below will be modified in accordance with this opinion, and, except as modified, it will be upheld.

Modified and affirmed.