WAYNE COUNTY BOARD OF EDUCATION (ORIGINAL PARTY PLAINTIFF) AND R. S. PROCTOR, SUPERINTENDENT OF PUBLIC INSTRUCTION OF WAYNE COUNTY (ADDITIONAL PARTY PLAINTIFF), v. GEORGE E. LEWIS, NORA J. LEWIS, MARIE L. LEWIS, AND H. T. RAY, TRUSTEE.

(Filed 29 March, 1950.)

1. **Schools § 6d—**

Where the County Board of Education selects a site for an elementary school contiguous to its high school site, it may condemn for such elementary school site lands not in excess of ten acres, G.S. 115-85, since the Board has the discretionary power to locate the schools on adjoining sites and the statute does not have the effect of limiting the acreage of both schools to ten acres.

2. **Schools § 6a—**

The right and duty to select school sites is vested in the sound discretion of the local school authorities, and the courts will not restrain or otherwise interfere with the selection of such sites unless it is made to appear that the local authorities have violated some provision of law or there has been a manifest abuse of discretion on their part.

APPEAL by defendants from *Morris, J.,* at January Term, 1950, of WAYNE.

The County Board of Education of Wayne County, North Carolina, on 4 October, 1948, by resolution duly adopted, authorized its chairman to negotiate with the defendants for the purchase of 7.5 acres of land owned by them in the town of Mount Olive, as a site for the location of a new grammar school.

The negotiations for the purchase of the property were unsuccessful and the property was condemned, as provided in G.S. 115-85 and other appropriate statutes.

The defendants declined to accept the award of the appraisers in the sum of $11,499.50, and appealed to the Superior Court, where the jury awarded a verdict in favor of the defendants for $10,000.00. Appeal was taken to this Court from the verdict and judgment entered therein, but the appeal was dismissed and the judgment affirmed without written opinion, for failure on the part of the appellants, to comply with the requirements of Rules 19 and 21 of the Rules of Practice in the Supreme Court, 221 N.C. 546, *et seq.*

Present counsel of record for the appellants did not appear in the original condemnation proceedings, but were employed to resist an order for a writ of assistance to enable the Wayne County Board of Education to obtain possession of the condemned lands.

It appears that the Wayne County Board of Education now owns about six acres of land in the town of Mount Olive, on which the Mount Olive High School is located; and that the site condemned in this proceedings, consisting of 7.5 acres of land, to be used for a grammar school site, adjoins the high school site at one point for a distance of some 215 feet.

From an order granting the writ of assistance, the defendants appeal and assign error.

*Fred P. Parker, Jr., Dees & Dees, and J. Faison Thomson for plaintiffs.*

*J. C. B. Ehringhaus, Jr., J. A. Jones, Weston O. Read, and Thomas B. Griffin for defendants.*

DENNY, J. The defendants take the position that since Wayne County Board of Education owns a six acre site on which the Mount Olive High School is located, and the proposed site for an elementary school adjoins the high school site, the Board was only authorized by the statute, G.S. 115-85, to condemn an additional acreage which together with the present high school site would not exceed ten acres.

We do not construe the limitation in the statute to place any such restriction on a county board of education. The high school site and the proposed site for a new elementary school, constitute separate school sites, and the mere fact that they adjoin is incidental.

There is no limitation on the acreage which may be purchased or donated for a school site. The limitation applies only where the site, or any part thereof, must be obtained by condemnation. In such cases, the land owned, donated or purchased, together with the adjacent lands to be condemned, shall not exceed ten acres. *Board of Education v. Pegram,* 197 N.C. 33, 147 S.E. 622; *Board of Education v. Forrest,* 190 N.C. 753, 130 S.E. 621. We do not interpret the statute to prohibit the location of

a high school and an elementary school on adjoining sites. However, neither site may contain more than ten acres of land, if any part thereof must be obtained by condemnation.

In view of our interpretation of the provisions of G.S. 115-85, and its application to the facts in this case, the right of the Wayne County Board of Education to the possession of the premises in controversy follows as a matter of law; and any discussion of its right to have the court issue a writ of assistance, in order for it to obtain possession of such land, would be purely academic.

The right and duty to select school sites is vested in the sound discretion of the local school authorities, G.S. 115-85; and the courts will not restrain or otherwise interfere with the selection of such sites, unless it is made to appear that the local authorities have violated some provision of law, or there has been a manifest abuse of discretion on their part. *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484; *Board of Education v. Forrest, supra; School Commissioners v. Aldermen,* 158 N.C. 191, 73 S.E. 905; *Venable v. School Committee,* 149 N.C. 120, 62 S.E. 902. No violation of law or abuse of discretion having been made to appear on the part of the plaintiffs, the judgment of the court below is

Affirmed.