DR. P. L. FEEZOR, DR. F. L. MOCK, BAXTER CARTER, ROY LOHR and GLENN PENNINGTON, Members of the DAVIDSON COUNTY BOARD OF EDUCATION, v. D. S. SICELOFF, JR., CHARLES F. CLINE, A. A. FOLTZ, ROBY TAYLOR, and A. R. MORRIS, Composing the BOARD OF COMMISSIONERS OF DAVIDSON COUNTY, and MANIE HEGE, a Taxpayer.

(Filed 1 November, 1950.)

**1. Schools § 3a—**

A county board of education has the power, with the approval of the State Board of Education, to consolidate school districts under its juris-

diction whenever and wherever in its judgment the consolidation will better serve the educational interest of the county or any part of it. G.S. 115-99.

**2. Schools § 6a—**

The power to change the location of a school and to select a site for a new school are vested in the sound discretion of the school authorities, with the exercise of which discretion the courts will not interfere in the absence of manifest abuse. G.S. 115-85.

**3. Schools § 10h—Held: County commissioners had authority to allocate funds for new central high school in lieu of remodeling old buildings.**

A bond issue for the erection of new school buildings and remodeling and enlarging existing school buildings of the county, including in the list of improvements to be made in each district the remodeling and enlarging of the high schools of three districts, was approved by the voters in an election. The county board of education with the approval of the State Board of Education found that the interests of education in the three districts would be better promoted and the purpose of maintaining the constitutional six months' school term in the district would be better accomplished by building one consolidated high school for the three districts, and using the three old high schools for elementary purposes. *Held:* The change does not involve any change of purpose for which the bonds were issued but only a change in the manner or method of accomplishing that purpose, and therefore the board of county commissioners has the legal authority to allocate funds for the purpose of constructing the proposed central high school if it finds that the proposed expenditure is not excessive but is necessary to the maintenance of the constitutional six months' school term in said districts.

APPEAL by defendants from *Sink, J.,* at Chambers in Lexington, N. C., 18 August, 1950. From DAVIDSON.

This is an action brought under the provisions of the Uniform Declaratory Judgment Act to determine whether or not the Board of Commissioners of Davidson County has the legal right, under the provisions of a bond ordinance adopted by it, to authorize the construction of a central high school to serve the school districts of Midway, Welcome and Arcadia, in said County, in lieu of enlarging the present small high schools in said districts.

The Board of Commissioners of Davidson County, at the request of the Board of Education of said County and of the Trustees of Thomasville and Lexington Administrative Units respectively, duly called a bond election for said county, to be held 22 April, 1950, to pass upon the issuance of $3,500,000 in bonds "for the purpose of providing funds for erecting additional school buildings, remodeling and enlarging existing school buildings and acquiring necessary land and equipment therefor in order to maintain the six months' school term in Davidson County as required by the Constitution and briefly described as follows, subject to

such changes in the character or in the location of any improvements as may be found necessary or advisable in the preparation of plans and the letting of contracts or as may be necessary to secure the approval of plans by the State Superintendent, . . ." The description referred to above was a list of the school districts in the respective units where additional buildings were required, and old buildings were to be remodeled or remodeled and enlarged. Twelve districts were listed in the Davidson County Administrative Unit, among them Midway, Welcome and Arcadia, in which the school buildings were designated for improvements, as follows: "Remodel and enlarge." No allocation of funds for the various projects was made in the bond ordinance or in the notice of election.

The election was held and the issuance of the bonds duly authorized.

Among other things, the court below found as a fact, that after the bond election carried, a number of public meetings of citizens and taxpayers of the above named districts were held and the County Board of Education was requested to construct a centrally located high school for the three districts in lieu of enlarging the present old buildings for high school purposes; that the Davidson County Administrative Unit and the State Board of Education have investigated the situation in these districts and have recommended that a centrally located high school be constructed rather than enlarging the old buildings for high school purposes.

It further appears that the County Board of Education has found as a fact "It is to the best interest of education that a centrally located high school be constructed rather than additional rooms to the old buildings," and that the present high school facilities which constitute a part of elementary school buildings, be used to provide additional space for the elementary schools, and that the State Board of Education will approve an additional allotment from State funds to complete the centrally located high school.

Upon the facts found the court concluded as a matter of law that the construction of a centrally located high school in the districts of Midway, Welcome and Arcadia, in lieu of enlarging the present buildings for high school purposes, is for the same educational purpose as set out in the original bond order, and that the purpose for which the bonds were issued and taxes to be levied, is the same as allowed by General Statutes of North Carolina, Chapter 153-77, subsection (a), and that the Board of Education of Davidson County should be allowed the use of said funds for the construction of the proposed centrally located high school in said districts, and that the use of said funds falls within the general purpose designated by statute.

Judgment was accordingly entered and the defendants appealed, assigning error.

*P. V. Critcher for plaintiffs.*
*Sim A. DeLapp for defendants.*

DENNY, J.   The defendants challenge the correctness of the ruling below solely on the ground that the Board of Commissioners of Davidson County is without legal authority to grant the request of the plaintiffs. In our opinion the challenge cannot be sustained.

A county board of education has the authority "to consolidate schools located in the same district, and, with the approval of the State Board of Education, to consolidate school districts, over which the board has full control, whenever and wherever in its judgment the consolidation will better serve the educational interests of the county or any part of it." G.S. 115-99.   And whether a change should be made in the location of a school, as well as the selection of a site for a new one, is vested in the sound discretion of the school authorities, and their action cannot be restrained by the courts unless in violation of some provision of law, or the authorities have been influenced by improper motives, or there has been a manifest abuse of discretion on their part.   G.S. 115-84 and 85; *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484; *Board of Education v. Pegram,* 197 N.C. 33, 147 S.E. 622; *Board of Education v. Forrest,* 190 N.C. 753, 130 S.E. 621; *School Commissioners v. Aldermen,* 158 N.C. 191, 73 S.E. 905; *Venable v. School Committee,* 149 N.C. 120, 62 S.E. 902.

The question before us does not involve any change of purpose for which the school bonds were issued, but only a change in the manner or method of accomplishing that purpose.   Nor are we confronted with the abandonment of projects in the districts of Midway, Welcome and Arcadia, and the transfer of the funds provided therefor to improve or construct school buildings in other districts, as we were in the case of *Atkins v. McAden, supra.*   Neither is there a contemplated diversion of the proceeds of a bond issue, approved by a vote of the people, to construct a particular school, as was the case in *Waldrop v. Hodges,* 230 N.C. 370, 53 S.E. 2d 263.

It appears from the facts found herein, to which there is no exception, that the state and local school authorities, at the request of the citizens and taxpayers of the districts involved, investigated the situation as it now exists in these districts, with particular reference to the high school facilities, and they have unanimously recommended that a centrally located high school be constructed in lieu of enlarging the present buildings in the district which are presently used for elementary and high school purposes.   And the County Board of Education of Davidson County has found as a fact that such a course will better serve the educational interests in the districts of Midway, Welcome and Arcadia.   There-

fore, we hold that the Board of Commissioners of Davidson County does have the legal authority to allocate such available funds as it may determine to be necessary for the construction of the proposed high school. This authority, however, is bottomed on the assumption that the Board of Commissioners of Davidson County, upon investigation, finds that the proposed expenditure is not excessive, but necessary in order to maintain the constitutional six months' school term in said districts. *Atkins v. McAden, supra.*

The judgment of the court below is

Affirmed.