Lutz v. Board of Education

CLYDE A. LUTZ, RICHARD B. LACKEY, JR., MARY FORTNER HOOK, ON BEHALF OF THEMSELVES AND ALL OTHER RESIDENTS, PROPERTY OWNERS, AND TAXPAYERS OF CROWDER'S MOUNTAIN TOWNSHIP OF GASTON COUNTY, NORTH CAROLINA, SIMILARLY SITUATED v. THE GASTON COUNTY BOARD OF EDUCATION OF GASTON COUNTY, NORTH CAROLINA, CONSISTING OF LARRY K. PETTY, ROBERT STROUPE, LOWELL E. JENNINGS, BROADUS MCSWAIN, JOHN B. ARMSTRONG, REV. ROBERT B. GRIGG, JR., BOBBIE ROWLAND, CHARLES W. CRAIG, AND HOWELL STROUP; AND WILLIAM H. BROWN, SUPERINTENDENT OF THE GASTON COUNTY, NORTH CAROLINA, SCHOOL SYSTEM

No. 15

(Filed 15 November 1972)

1. Schools § 3— school consolidation — sufficiency of studies

Studies carried out by a county board of education and by the State Board of Education prior to action of the county board ordering the closing of two senior high schools and the merger of those two schools into a consolidated comprehensive senior high school met the requirements of G.S. 115-76(1).

2. Schools § 3— school consolidation — time of public hearing

Public hearing on proposed school consolidation held prior to the adoption of a formal resolution of consolidation by the county board of education met the requirements of G.S. 115-76(1), it not being required that a public hearing be held before members of the board of education had reached any fixed determinations as to their feelings on the proposed consolidation.

3. Schools § 3— school consolidation — procedure for public hearing

Procedure used for a public hearing on proposed school consolidation was reasonable and met the requirements of G.S. 115-76(1) where the hearing was advertised in three different local newspapers for four consecutive weeks, the hearing was held in the county schools administrative office, and the hearing was well attended by both those for and those opposed to consolidation, as well as by a representative of the State Board of Education.

4. Schools § 7— bonds for school construction — use of proceeds to purchase land — statutory authorization

Although a local act providing for a countywide vote to pass upon the issuance of bonds for school construction did not specifically authorize the use of bond proceeds for the purchase of land for school sites, the local act and the County Finance Act, when construed together, authorized the use of the bond proceeds for such purpose. Chapter 906, Session Laws of 1967; G.S. 153-77; G.S. 153-107; G.S. 115-129.

APPEAL by plaintiffs from *Martin, J.,* at the January 24, 1972 Civil Session of Gaston Superior Court, certified pursuant to G.S. 7A-31 for initial appellate review by the Supreme Court.

Lutz v. Board of Education

This action was instituted by the plaintiffs as property owners and taxpayers on behalf of themselves and all residents, property owners, and taxpayers of Crowder's Mountain Township in Gaston County, to permanently enjoin the closing, consolidation and merger of the Cherryville Senior High School and Bessemer City Senior High School into a new high school to be known as the Northwest Senior High School and the purchase of property for the construction of the proposed new high school.

The complaint alleges in substance: (1) The Gaston County Board of Education failed to provide a public hearing in regard to the proposed consolidation of the Bessemer City Senior High School and Cherryville Senior High School into the proposed Northwest Senior High School and the purchase of land and the construction of the new high school, in violation of the provisions of G.S. 115-76(1) ; (2) the Board of Education failed to cause a thorough study to be made considering geographic conditions, anticipated increase or decrease in school enrollment, the inconvenience and hardship that might result for students in the schools affected, the cost of providing additional school facilities, and the importance of the school to the people of the communities where the schools are located, as required by G.S. 115-76(1) ; and (3) the statutory authority for the expenditure of bond monies, Chapter 906 of the Session Laws of 1967, did not authorize the utilization of proceeds from the bonds for the purchase of land for school construction.

Defendants filed an answer denying the material allegations of the complaint.

The uncontroverted facts show: The Board of Commissioners of Gaston County employed the Public Administration Service of Chicago, Illinois, to study the organization, quality of educational programs, population and fiscal policies of the Cherryville City Board of Education, Gaston County Board of Education and the Gastonia City Board of Education. The report of the Public Administration Service dated 27 May 1966 to the Board of Commissioners of Gaston County contained three recommendations: (1) The consolidation of these three school systems into one unified county system; (2) establishment and location of six comprehensive high schools including one in the northwest section of Gaston County; and (3)

proposals for achieving adequate financial support to carry out the aforementioned recommendations. After receiving the report, the Board of Commissioners appointed a citizens committee to consider the feasibility of implementing the recommendations contained in the report.

A written report of the citizens committee to the Board of Commissioners approved, with some exceptions, the report of the Public Administration Service; approved the idea of consolidation of the three independent school systems in Gaston County and the concept of comprehensive senior high schools located strategically throughout the county. This report also approved a method by which the necessary financial backing could be secured to support the public schools, and the holding of an election on the questions of school consolidation, issuance of bonds for school construction and the levying of a uniform local supplementary school tax.

Subsequently, the General Assembly enacted Chapter 906 of the 1967 Session Laws of North Carolina providing for a countywide vote in Gaston County to pass upon the merger of the three school systems, the issuance of bonds in the amount of twenty million dollars for school construction, and a uniform supplemental school tax. On 18 December 1967 the Board of Commissioners adopted the initial bond ordinance authorizing the issuance of twenty million dollars of school building bonds for specific purposes set forth therein. On 29 December 1967 a public hearing was conducted by the Board. At the conclusion thereof, the Board, after a third and final reading as required by law, adopted the bond ordinance authorizing the issuance of twenty million dollars of school building bonds, subject to the approval of the voters of Gaston County at a countywide election.

On 20 February 1968 the voters of Gaston County approved the merger of the three school systems, the bonds for school construction, and a uniform supplemental tax. After this approval, an interim school board was created and this board asked the Division of School Planning of the North Carolina Department of Public Instruction to review their study which had been made in 1965, the reports of the Public Administration Service and the citizens committee, and to make recommendations. The report of the Division of School Planning of the North Carolina Department of Public Instruction was made to

the interim board on 27 May 1968. A committee from the interim board reviewed the prior studies and unanimously adopted a school construction priorities report containing the recommendations set forth in these studies. These reports recommended the construction of six comprehensive high schools, the Northwest Senior High School being the last to be constructed.

Upon formation of the permanent Gaston County Board of Education in December of 1968, another committee was appointed by the Board to review school construction priorities. A similar committee was appointed in 1971. Both committees reaffirmed prior action of the Board.

In September 1970 a site selection committee for the proposed Northwest Senior High School was appointed by the Board of Education, and the report of this committee recommending the purchase of a 73.643-acre tract of land owned by John W. Eaker was approved by the Gaston County Board of Education on 23 August 1971. On 9 December 1971 the Board of Commissioners of Gaston County approved the expenditure of funds in the sum of $54,500 for the purchase of the Eaker tract.

On 17 January 1972, subsequent to the filing of the plaintiffs' complaint and the issuance of the temporary restraining order, a public hearing to consider the closing of Bessemer City Senior High School and Cherryville Senior High School and the transfer of their pupils into a proposed consolidated comprehensive senior high school was held by the Board of Education at the Gaston County Schools Administrative Office. The time and place for this meeting was advertised for four consecutive weeks in the Cherryville Eagle, the Gastonia Daily Gazette and the Bessemer City Record, all being newspapers of general circulation in Gaston County. At the meeting plaintiffs and other citizens of Gaston County were given an opportunity to express their views concerning the consolidation.

After the public hearing, the Gaston Board of Education adopted a resolution approving the discontinuance of Bessemer City Senior High School and Cherryville Senior High School and the consolidation and merger of these schools into the proposed Northwest Senior High School. The State Board of Education, at its regular meeting on 3 February 1972, approved this action, effective with the school year 1973-74 or as soon thereafter as facilities became available.

On 10 December 1971 Judge John R. Friday issued a temporary restraining order enjoining the defendants from purchasing any lands for the purpose of constructing the proposed Northwest Senior High School or from taking any steps or expending any monies for the construction thereof pending further orders of the court. On 15 December 1971 Judge Sammie L. Chess continued Judge Friday's order until 24 January 1972. At the 24 January 1972 Civil Session of Gaston Superior Court, after a full hearing, Judge Martin made extensive findings of fact and concluded: (1) The public hearing held on 17 January 1972 complied with all the requirements of G.S. 115-76(1); (2) all other requirements of G.S. 115-76(1) were met; (3) the action of the Board of Education did not constitute a manifest abuse of discretion; and (4) the expenditure of funds for the purchase of land for the school site was authorized by Chapter 906 of the 1967 Session Laws of North Carolina and by the provisions of the County Finance Act as amended. Based upon the findings of fact and conclusions of law, the trial judge ordered that the temporary restraining order be dissolved and plaintiffs' action dismissed.

From this order plaintiffs appealed and we allowed motion for initial appellate review by the Supreme Court.

*Atkins and Layton by James H. Atkins for plaintiff appellants.*

*James B. Garland for defendant appellees.*

MOORE, Justice.

[1] Plaintiffs allege and contend that the action of the Board of Education in ordering the consolidation of Bessemer City Senior High School and the Cherryville Senior High School into the proposed Northwest Senior High School was illegal in that the Board had failed to make the studies required by G.S. 115-76(1).

The County Board of Education has authority "to consolidate schools located in the same district, and with the approval of the State Board of Education, to consolidate school districts or other school areas over which the board has full control, whenever and wherever in its judgment the consolidation will better serve the educational interests of the county or any part of it." G.S. 115-76; *Feezor v. Siceloff,* 232 N.C. 563, 61 S.E.

2d 714 (1950). Whether a change should be made in the location of the school, as well as the selection of the site for a new one, is vested in the sound discretion of the Board of Education. Its action cannot be restrained by the courts unless there has been a violation of some provision of law or a manifest abuse of discretion. *Dilday v. Board of Education,* 267 N.C. 438, 148 S.E. 2d 513 (1966); *Feezor v. Siceloff, supra; Board of Education v. Lewis,* 231 N.C. 661, 58 S.E. 2d 725 (1950); *Waldrop v. Hodges,* 230 N.C. 370, 53 S.E. 2d 263 (1949); *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484 (1948). In determining whether two or more public schools shall be consolidated or whether a school shall be closed and the pupils transferred therefrom, the State Board of Education and the board of education of the county shall observe and be bound by the following rules:

> " . . . [T]he board of education of the county in which such school is located and the State Board of Education shall cause a thorough study of such school to be made, having in mind primarily the welfare of the students to be affected by a proposed consolidation and including in such study, among other factors, geographic conditions, anticipated increase or decrease in school enrollment, the inconvenience or hardship that might result to the pupils to be affected by such consolidation, the cost of providing additional school facilities in the event of such consolidation, and the importance of such school to the people of the community in which the same is located and their interest in and support of same. . . . " G.S. 115-76(1).

The record in this case reveals a long and careful consideration, beginning in 1965, of the need for discontinuing the existing high schools in Cherryville and Bessemer City and their merger and consolidation into a new Northwest Senior High School. After analyzing reports from various citizens and official committees which over a period of years had recommended such action, and after a public hearing as required by law, this consolidation was approved by the Gaston County Board of Education on 17 January 1972 and by the State Board of Education on 3 February 1972.

At the hearing before Judge Martin, Dr. Jester Pierce, Director of the Division of School Planning of the North Carolina Department of Public Instruction, testified in part:

"The proposed plan of the Gaston County Board of Education to establish a comprehensive senior high school in the northwest area of the county to serve the Cherryville, Bessemer City and Tryon districts is in accordance with recommendations made by the Division of School Planning, and is feasible, practicable, and desirable. The concept of constructing six comprehensive senior high schools in Gaston County is the most effective and economical approach toward establishing a good educational program on a secondary level in Gaston County."

Mr. Broadus McSwain, who was chairman of the interim Board of Education and later elected for a six-year term as chairman of the Gaston County Board of Education, testified:

" . . . [I]n my opinion, such schools would be in the best interest of the students involved although perhaps causing inconvenience to some parents. Comprehensive high schools will enable students from various sections of Gaston County to compete with one another on the same educational plane. It would be unfair to those living in Bessemer City, Tryon and Cherryville communities not to have the same educational advantages and opportunities which those in other parts of Gaston County have or will have commencing with school year 1972-73 when the fifth comprehensive high school will be completed. Both the interim board and the permanent board of the Gaston County Board of Education have spent a considerable amount of time in discussing and studying the need for the sixth comprehensive high school, currently denoted as the Northwest Senior High School, and the decision of the board in each instance has been to proceed according to the priority schedule with the construction of this facility . . . . As to whether I or any other members of the Board made a study of the extent of support of Bessemer City or the support in Cherryville, as compared to other schools, we know of the support in both these areas. I think the support has been exceptional in all of our schools."

Mr. William H. Brown, Superintendent of Schools and ex officio secretary to the Gaston County Board of Education, testified:

" . . . [T]o maintain and operate Bessemer City Senior High School having a student population of approximately

450 and Cherryville Senior High School having a student population of approximately 460 would not allow, except at prohibitive cost, the expanded curriculum which will be found in the other comprehensive senior high schools. The facility for the Cherryville Senior High School is obsolete and antiquated for senior high school purposes, and to build a new Cherryville Senior High School and to add to the existing Bessemer City High School as requested by some opponents of a northwest senior high school would cost considerably more money for construction as set forth in Exhibit 'D,' would cost more to provide comparable curriculum opportunities for the students. . . . "

Mr. Larry Petty, a member of the Gaston County Board of Education who became chairman after Mr. McSwain resigned, testified:

"Aside from the meetings at Cherryville High School and Bessemer City High School where some members of the public and the School Board were present, and the meeting of the Rotary Club in Cherryville and Lions Club in Bessemer City where I appeared, I did appear on the question of consolidation of these high schools and spoke several times in Bessemer City, Tryon and Cherryville. As a matter of fact I did speak to the Tryon PTA two or three times. . . . I have discussed the feelings of the people who are executives in industries in these communities. . . . I did not receive any indication from any of them that the closing of these schools would affect their business adversely. . . . The Gaston County Board of Education has continually given careful consideration to arguments made by both proponents and opponents of the proposed Northwest Senior High School. The Gaston County Board of Education has carefully investigated the selection of a site for this facility and has, in fact, given more attention by far to the selection of this site than to the selection of any other site acquired since merger."

Mr. Clyde Lutz, one of the plaintiffs in this case, testified:

"The importance of Bessemer City High School and the support of the community were made known to the Board as such and to the individual members of the Board, and, when we made it, the effect of the closing of the school

was made known to the Gaston County Board of Education."

Numerous studies over a period of years were also presented with regard to population trend, pupil population ratio, and other factors regarding the increase or decrease or anticipated increase or decrease in school enrollment.

The testimony of the above witnesses and others of like import, together with various exhibits, was ample to support the findings of fact by Judge Martin that prior to the public hearing the Gaston County Board of Education and the State Board of Education had caused thorough studies to be made of the need for and the location of a comprehensive high school in the northwest section of Gaston County, for the discontinuance of Bessemer City Senior High School and Cherryville Senior High School and the merger of these two schools into the new comprehensive Northwest Senior High School; and the further findings that although these studies considered primarily the welfare of the students to be affected by the proposed consolidation, they also examined and analyzed, among other factors, geographic conditions, anticipated increase or decrease in school enrollment, the inconvenience or hardship that might result to the pupils to be affected by such consolidation, the cost of providing additional school facilities in the event of such consolidation, and the importance of such schools to the people of the communities in which they were located and their interest and support of the same.

The findings of fact made by Judge Martin being supported by competent evidence are conclusive on appeal.. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968); *Truck Service v. Charlotte*, 268 N.C. 374, 150 S.E. 2d 743 (1966); *Mills v. Transit Co.*, 268 N.C. 313, 150 S.E. 2d 585 (1966); 1 Strong, N.C. Index, Appeal and Error § 57, p. 223. This is true, notwithstanding there is evidence *contra* which might sustain a finding to the contrary. *Equipment Co. v. Equipment Co.*, 263 N.C. 549, 140 S.E. 2d 3 (1964); *Farmer v. Ferris*, 260 N.C. 619, 133 S.E. 2d 492 (1963); *Hodges v. Hodges*, 257 N.C. 774, 127 S.E. 2d 567 (1962).

The facts found by Judge Martin sustained his conclusion that the studies carried out by the County and State Boards of Education complied with all the requirements of G.S. 115-76 (1),

and that the Gaston County Board of Education has not acted unreasonably or arbitrarily and in such a manner as to constitute a manifest abuse of discretion in discontinuing Bessemer City Senior High School and Cherryville Senior High School or in selecting and moving to acquire a site for the construction of the proposed Northwest Senior High School. Plaintiffs' assignments of error to these conclusions are overruled.

[2] The plaintiffs also allege and contend that the Gaston County Board of Education violated G.S. 115-76 (1) in failing to provide a public hearing as required by the statute prior to making a decision on the consolidation. Plaintiffs concede that a public hearing was held prior to adoption of a formal resolution of discontinuance and consolidation. However, they assert that the hearing was a mere formality which was called for the sole purpose of complying with the statute after suit had been filed alleging noncompliance with G.S. 115-76 (1).

G.S. 115-76 (1) in part provides:

"Before the entry of any order of consolidation, the county board of education shall provide for a public hearing in regard to such proposed consolidation, at which hearing the county and State boards of education and the public shall be afforded an opportunity to express their views. Upon the basis of the study so made and after such hearing, said boards may, in the exercise of their discretion and by concurrent action, approve the consolidation proposed. . . . "

On 17 January 1972 a public hearing was held at the Gaston County Schools Administrative Office. After the public hearing the Gaston County Board of Education approved by formal resolution the discontinuance of Bessemer City Senior High School and Cherryville Senior High School and their consolidation into Northwest Senior High School. At its regular meeting on 3 February 1972 the State Board of Education approved the discontinuance and consolidation in question. Consequently, in both cases "the entry of any order of consolidation" was after the required public hearing.

Plaintiffs seek a reading of G.S. 115-76 (1) which would require a hearing before the members of the Board of Education had reached any fixed determinations as to their feelings on the consolidation at issue. This Court is not in a position to monitor the mental processes of the members of county boards

of education. The objective basis for determination set out in the statute is whether the public hearing took place before or after "the entry of any order of consolidation."

This objective basis is illustrated by the decision in *Dilday v. Board of Education, supra.* In that case the State Board of Education had approved the consolidation of the five schools in question on 4 November 1965—two months in advance of the public hearing on 5 January 1966. However, on 6 May 1966 the State Board of Education formally approved the consolidation of the five high schools into one central high school. This Court held that this subsequent approval related back to the date of the hearing and constituted sufficient compliance with the statute. Compliance with the standard established by the statute is all that is required and that requirement was met in the present case.

[3] Plaintiffs further contend that the procedure used in this instance for the public hearing constituted a violation of G.S. 115-76(1). The statute requires only that a public hearing be provided; it does not specify any particular form, location, or notice for such hearing. In this case, the hearing was advertised in three different local newspapers for four consecutive weeks, was held by the County Board at a logical place for such hearing—the Gaston County Schools Administrative Office—and was well attended by both those for and those opposed to consolidation, as well as a representative of the State Board of Education. The procedure used was reasonable and constitutes full compliance with the statute.

[4] Plaintiffs next assign as error the trial court's conclusion of law No. 4:

"The expenditure of funds for the purchase of the site and for the construction of the proposed Northwest Senior High School would not be in violation of the purposes for which the 20 million dollar school building bonds were authorized by countywide vote on February 20, 1968, pursuant to the provisions of Chapter 906 of the 1967 Session Laws of North Carolina; and such expenditures are authorized under the provisions of the County Finance Act as amended, being Article 9, Chapter 153, of the General Statutes of North Carolina and do not deprive Plaintiffs of funds without due process of law."

Plaintiffs contend that the authority to issue bonds for construction of the Northwest Senior High School and the other schools under the present program is contained in Chapter 906 of the 1967 Session Laws of North Carolina, and that this Act contains no authority for the purchase of land, but rather specifies that money derived from the bond issue should be used for "construction, remodeling, and additions to the physical facilities of the consolidated school system of Gaston County."

It is conceded that Chapter 906 does not specifically authorize the use of funds from the bond issue for the purchase of land. However, the bond ordinance adopted by the Board of Commissioners of Gaston County, all notices and resolutions relative to the bond ordinance and bond election, and the official ballot cast in the election by the voters, after providing that the proceeds of the bond issue would be used for the purpose of school buildings, added, "and acquiring necessary land and equipment therefor."

Section 15 of Chapter 906 provides: "Nothing contained in this Act shall limit or restrict the power of the County of Gaston to authorize and issue bonds for school purposes pursuant to and in compliance with the County Finance Act. . . . " The County Finance Act provides that bonds issued thereunder may be used for school buildings, including *the purchase of the necessary land.* G.S. 153-77.

"Statutes dealing with the same subject matter must be construed *in para materia,* and harmonized, if possible, to give effect to each." 7 Strong, N.C. Index 2d, Statutes § 5, p. 75. When the language of a statute is clear and unambiguous, the court must give it its plain and definite meaning. *Davis v. Granite Corp.,* 259 N.C. 672, 131 S.E. 2d 335 (1963); *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129 (1956). The clear and unambiguous language of Chapter 906 provides that the proceeds of the bonds issued under Chapter 906 may be used for the purposes enumerated in the County Finance Act. The County Finance Act provides that such funds may be used for the purchase of necessary land. The County Finance Act also provides that the proceeds from the sale of bonds shall only be used for the purposes specified in the order authorizing the bonds. G.S. 153-107. Here the order specified that funds could be used for the purchase of land. Furthermore, Section 14(2) of Chapter 906 provides that the bonds issued under that

Chapter shall be "for the purpose of providing funds, with any other available funds, for construction, remodeling and additions to the physical facilities of the consolidated school system of Gaston County." Additions to the physical facilities of the consolidated school system of Gaston County, long evisioned as six new comprehensive high schools, would necessarily imply the acquisition of additional land as sites for the new buildings authorized to be constructed under that Chapter. Matters necessarily implied by the language of a statute must be given effect to the same extent as matters specifically expressed. *Board of Education v. Dickson*, 235 N.C. 359, 70 S.E. 2d 14 (1952). We hold, therefore, that giving these statutes their plain and definite meaning, the County Commissioners of Gaston County were authorized to spend in their discretion the amount of the bond money necessary for the purchase of land on which to build the new Northwest Senior High School. *Davis v. Granite Corp., supra; Hedrick v. Graham, supra;* G.S. 115-129.

All other assignments of error have been considered but are without merit.

Counsel for all parties have ably prepared and presented their case before the trial court and this Court. The facts found by the trial court are supported by the evidence and are sufficient to support the judgment. We conclude that the judgment which Judge Martin entered in the Superior Court of Gaston County is correct and should be and is now affirmed.

Affirmed.